Michael DUNN, Appellant,

v.

Donald WYRICK, Warden, Missouri Penitentiary, Appellee.

No. 81–2429.

United States Court of Appeals, Eighth Circuit.

Submitted May 21, 1982.

Decided June 1, 1982.

Rehearing Denied July 7, 1982.

---

John Ashcroft, Atty. Gen., Lew A. Kollias, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

David S. Delugas, Coburn, Croft & Putzell, St. Louis, Mo., for appellant.

Before FLOYD R. GIBSON and STEPHENSON, Senior Circuit Judges, and BRIGHT, Circuit Judge.

BRIGHT, Circuit Judge.

Michael Dunn appeals from the district court's[1] denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dunn argues that the district court should have held an evidentiary hearing before denying his petition. We affirm.

Dunn is currently in the Missouri state penitentiary serving two concurrent life sentences for murder. He now claims that his guilty pleas to first- and second-degree murder, entered on August 6, 1977 and August 22, 1977 respectively, were not knowingly and voluntarily made because he was under the influence of drugs at the time of the plea hearings, and his counsel provided ineffective assistance. Dunn alleges that his attorney failed to conduct any pretrial investigation; failed to prepare adequately for trial; coerced Dunn into pleading guilty; threatened Dunn with the death penalty; made a deal with the state's attorney without Dunn's knowledge or approval; misled Dunn into believing he would receive concurrent ten-year sentences; and failed to inform Dunn of a conflict of interest, arising from his position as a juvenile officer for the State of Missouri.[2]

Dunn raised these claims in his motion for postconviction relief under Missouri Supreme Court Rule 27.26. The state trial court dismissed the motion without an evidentiary hearing, finding Dunn's claims to be refuted by the records of the plea proceedings. The Missouri Court of Appeals affirmed the dismissal. *State v. Dunn*, 608 S.W.2d 114 (Mo.App.1980). Dunn then filed a petition for a writ of habeas corpus, which the federal district court likewise denied without an evidentiary hearing.

All of Dunn's allegations of involuntariness are flatly contradicted by his admissions at the proceedings in which the trial court accepted his guilty pleas. At each hearing the trial court advised Dunn of the nature of the charge against him, the range of possible punishment, and the constitutional rights he would waive by pleading guilty. In response to questioning from the bench, Dunn stated that he had discussed the case numerous times with his attorney and was satisfied with his attorney's advice, that his plea was not induced by threats or promises, that he understood no promises could be made regarding the length of his sentence, and that he had taken no drugs or alcohol during the twenty-four hours prior to the hearing. In each instance, the trial court concluded that Dunn knowingly and voluntarily entered his guilty plea.

■ Because Dunn's allegations are unsubstantiated and conclusory, the district court was justified in refusing to look behind the sworn statements Dunn made at his plea hearings. As the Supreme Court noted in *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977): "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."

---

1. The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

2. The state appellate court, *State v. Dunn*, 608 S.W.2d 114, 115 (Mo.App.1980), and the federal district court both determined that Dunn's claim based on his attorney's alleged conflict of interest lacked merit. The district court properly denied him relief based on that claim.

While Dunn is entitled to an evidentiary hearing if he alleges facts which, if true, would justify relief, a district court is not required "to conduct an evidentiary hearing on allegations which amount[ ] to no more than a bare contradiction of statements petitioner made when she [or he] pled guilty." *United States v. Williams*, 536 F.2d 247, 250 (8th Cir. 1976); *accord, United States v. Lambros*, 614 F.2d 179, 181 (8th Cir. 1980); *United States v. Degand*, 614 F.2d 176, 178 (8th Cir. 1980). Dunn's allegations that his pleas were involuntary constitute "bare contradictions" of his statements at the plea hearings. In these circumstances, the district court was entitled to rely on Dunn's statements at his plea hearings where Dunn told the judge that he was satisfied with his attorney's advice, that he was aware of the consequences of his plea, and that he was free from the influence of drugs or alcohol.

We affirm the district court's disposition of those claims raised on appeal. In doing so, we observe that Dunn also asserted in his federal habeas petition a due process claim alleging that the state trial court lacked jurisdiction to accept his guilty pleas. Thus, Dunn's petition in the federal district court presented both exhausted and unexhausted claims. The federal district court dismissed the due process claim on the basis of Dunn's failure to exhaust his state remedies.

The Supreme Court in *Rose v. Lundy*, ── U.S. ──, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982), adopted a total exhaustion rule, requiring district courts to dismiss habeas petitions containing such mixed claims. We do not apply the total exhaustion rule here to a habeas case in which the exhausted claims had been fully litigated and decided in the federal district court prior to the *Lundy* decision. In our view, it would constitute a great waste of judicial resources to apply *Lundy* retroactively and vacate the district court's determination on the merits. The end result of such a retroactive application of *Lundy* could require the federal district court and this court to reconsider these same claims at another time. This we decline to do without an express direction from the Supreme Court.

Affirmed.