Phillip ROYAL, Appellant,

v.

Donald WYRICK, Appellee.

No. 81–2360.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 14, 1982.

Decided Dec. 7, 1982.

Brent W. Baldwin, St. Louis, Mo., for appellant.

John Ashcroft, Atty. Gen., Jay D. Haden, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before BRIGHT and ARNOLD, Circuit Judges, and HUNTER,* Senior District Judge.

BRIGHT, Circuit Judge.

Phillip Royal, a Missouri state prisoner, appeals the order of the district court[1] denying his petition for writ of habeas corpus. Royal sought relief from the state jury conviction for capital murder and sentence to life imprisonment without possibility of probation or parole for fifty years. We affirm the judgment of the district court.

This case arises out of the January 13, 1978 robbery of the Neelyville branch of the Bank of Poplar Bluff, Missouri, and the abduction and murder of a bank teller named Tara Lynn Creach. Following an automobile chase shortly after the robbery, police apprehended Royal and placed him under arrest. The police recovered money from the car, including marked "bait" money. After his arrest, Royal made certain statements that enabled the police to recover the body of Tara Lynn Creach.

Royal's trial was bifurcated, the first part on the capital murder charge, and the second part on punishment. Following Royal's conviction and sentencing, he appealed to the Missouri Supreme Court. That court affirmed Royal's conviction and sentence. *State v. Royal,* 610 S.W.2d 946 (Mo.1981) (*en banc*). Subsequently, Royal brought this action for postconviction relief in the federal district court, asserting, with one exception, the same contentions that he had made in his appeal to the Missouri Supreme Court.

The district court assigned the case to Magistrate William S. Bahn for disposition based on the record made in connection with Royal's state trial and on supplementary written materials filed in support of the petition for writ of habeas corpus. The magistrate considered each of the issues raised by Royal, and on all but one of the points, made findings and rulings against Royal. The magistrate recommended that Royal's contention that the police obtained incriminating statements from him through coercion be dismissed so that he could seek postconviction relief in the Missouri state courts. The district court adopted the magistrate's report and entered a judgment of dismissal.

Royal brings this appeal, asserting that habeas relief is warranted because unconstitutional procedures underlay his state conviction. Specifically, Royal asserts that: (1) law enforcement officers obtained statements from him through coercion, intimidation and physical duress; (2) the prosecutor failed to disclose at an early date before trial all of Royal's pretrial statements; (3) the exclusion of a juror for cause because of statements she made in opposition to imposing a death sentence deprived Royal of a fair trial; and (4) the bifurcation of the state trial violated due process.

In the state court proceedings, Royal had unsuccessfully sought to suppress his post-arrest statements on the ground that they were taken in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Royal did not contend that his statements were involuntarily made and the result of police coercion until he filed this action in district court. On this issue, the magistrate ruled:

The full set of facts pertinent to Royal's claim of coercion were not presented to the state courts. Since the voluntariness of a confession depends upon the "totality of the circumstances", this Court cannot consider the "exhausted facts", ignore the "unexhausted facts" and then reach a conclusion. The better procedure

---

* ELMO B. HUNTER, United States Senior District Judge, Western District of Missouri, sitting by designation.

[1]. The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

would be for Royal to submit this claim to the Missouri courts for consideration in a Rule 27.26 motion. Until Royal has given the Missouri courts an opportunity to rule on this claim, comity dictates this Court not interfere.

The district court in accepting the magistrate's determination directed that the claim relating to voluntariness of statements be dismissed without prejudice. The state does not cross-appeal from this ruling.

 The magistrate recommended, and the district court approved, the dismissal with prejudice of all of Royal's other claims. The magistrate found that Royal was not prejudiced by the prosecutor's failure to make a more prompt disclosure of Royal's statements to police. The magistrate also found that the striking for cause of a juror objecting to the death penalty did not amount to a violation of Royal's due process rights when, as here, the jury did not recommend the death penalty. Finally, the magistrate ruled that there was no basis in this case to reject Missouri's bifurcated trial procedure as unconstitutional.

We affirm for the reasons set forth in the magistrate's opinion, which the district court adopted.

Affirmed.[2]

ARNOLD, Circuit Judge, concurring.

I agree that Royal's second, third, and fourth claims were properly dismissed with prejudice. In the circumstances of this case, I also agree that the District Court's dismissal of the first claim without prejudice should be affirmed. My reasons differ somewhat from the Court's, however. In my view, it was a mistake to hold that Royal had not exhausted his state remedies on his coerced-confession claim. I think this claim *was* presented to the state courts, and that it too should be dismissed with prejudice. But since the State has not cross-appealed from the judgment dismissing this first claim without prejudice, we may not modify the judgment by converting it into a dismissal with prejudice, because that would enlarge the relief granted to the appellee below. I write separately to explain briefly my disagreement with the District Court and with this Court on the issue of exhaustion.

Royal in fact made two motions to suppress in the state court before trial. In the first motion, by which he sought to exclude certain statements he made at the time of arrest, he alleged not only that *Miranda* was not followed, but also that "[l]aw enforcement officers used unnecessary force to obtain information from [him] ... immediately after his apprehension." Motion to Suppress, quoted in Appellee's Brief, p. 11. And in his second motion, by which he sought to exclude statements made while in jail, Royal claimed that his statements were the result of repeated harassment by policemen, and that he "was subjected to mental and physical duress prior to and during ... interrogation." Second Motion to Suppress, quoted *ibid.* An evidentiary hearing was held on these motions. Sheriff Stout and Deputy Woods testified that they had not threatened, beaten, or coerced Royal in any way. Petitioner testified after the officers had left the stand. He said that at the time of his arrest his hair was pulled and a shotgun pointed at his mouth. He said nothing as to any beating, threats, or harassment while confined. The trial court excluded statements made before Royal was given a *Miranda* warning, and otherwise denied the motions to suppress.

After conviction Royal filed a motion for new trial. He again claimed that his statements at the time of arrest were given "after law enforcement officers used exces-

---

**2.** During oral argument, the panel inquired whether the Supreme Court's decision in *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), decided after the district court ruled in the present case, required vacating the entire judgment without prejudice because of the possible existence of an unexhausted claim. This circuit specifically addressed this question in *Richards v. Solem,* 693 F.2d 760 (8th Cir.1982), and held that we need not apply *Rose v. Lundy* retroactively. *See also Dunn v. Wyrick,* 679 F.2d 731, 733 (8th Cir.1982). Accordingly, we deem it appropriate to affirm rather than vacate the judgment on all issues.

sive force," and that his statements while in jail were involuntary because he was "subjected to mental and physical duress prior to and during interrogation." Motion for New Trial, quoted in Appellee's Brief, pp. 12–13. No evidence was presented to support these allegations. The motion was denied after argument of counsel. On appeal, nothing was said about physical coercion. Only the *Miranda* point was urged. The Supreme Court of Missouri affirmed the conviction, observing that the trial court had implicitly found as a fact that Royal's "statements were voluntarily given." *State v. Royal,* 610 S.W.2d 946, 948 (Mo.1981) (en banc).

I therefore respectfully disagree with this Court's statement, *ante,* p. 526, that "Royal did not contend that his statements were involuntarily made and the result of police coercion until he filed this action in district court." I think he did so contend, and that the state courts rejected his contention on its merits. It is true that he now has a story of coercion and harassment to tell that he did not reveal to the state trial court, but if that is enough to open the doors of a post-conviction hearing, very little incentive remains for a criminal defendant to present his entire case to the state trial court, which is after all supposed to be the main forum in criminal cases. It would be different if Royal had some good reason why he did not tell the state trial court what he now says is the truth about physical mistreatment at the hands of the police. He suggests no such reason, nor are we told why the state courts' finding of voluntariness should not be given the usual presumption of correctness.

In short, if the State had cross-appealed, I would vote to modify the judgment below to dismiss all of Royal's claims with prejudice. As it is, he will now go back to the state courts with his already-presented claim of coercion. If he again loses there, or if those courts turn him away on the (completely legitimate) procedural ground that he has shown no reason to justify a second bite at the apple of coercion, he will return to the District Court, which will then, I suppose, have to decide whether to give him another evidentiary hearing on his motions to suppress. All of this seems to me a waste of the time of lawyers and judges, and probably of Royal's time as well, without any discernible enhancement of constitutional rights.

I therefore concur in the judgment only because the State has filed no cross-appeal. Since, in my view, the petition contained no unexhausted claims, I find it unnecessary to discuss *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).