**UNITED STATES of America, Appellee,**

v.

**Orrin Scott REED, Appellant.**

No. 84–1477.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 9, 1984.

Decided March 6, 1985.

John C. Kpasner, Bismarck, N.D., for appellant.

Lynn E. Crooks, AUSA, Fargo, N.D., for appellee.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

HEANEY, Circuit Judge.

Orrin Scott Reed was convicted of one count of transporting stolen goods in interstate commerce and one count of conspiracy to transport stolen goods in interstate commerce in violation of 18 U.S.C. §§ 2314, 2 and 371. His conviction was affirmed on appeal, *United States v. Reed*, 658 F.2d 624 (8th Cir.1981).[1] Reed then filed a motion in the district court[2] for post-conviction relief under 28 U.S.C. § 2255. The court denied relief, without holding an evidentiary hearing, on the ground each issue raised in the motion had already been rejected on appeal. Reed argues that we should reverse and remand for an evidentiary hearing on his claim that he was denied the effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution, or, alternatively, that we should rule in his favor on his ineffective assistance of counsel claim and remand for a new trial. We affirm.

## I. BACKGROUND.

Because this Court's opinion in *United States v. Reed*, 658 F.2d at 625–27, sets forth a detailed statement of the facts underlying the crimes for which Reed was convicted, only a brief summary is neces-

---

1. Reed's appeal was consolidated with the appeal of his codefendant, Albert J. Bibby. Both defendants raised essentially the same arguments. Bibby's conviction was also affirmed; he applied for a writ of certiorari which was denied, *Bibby v. United States*, 455 U.S. 1002, 102 S.Ct. 1636, 71 L.Ed.2d 870 (1981).

2. The Honorable Paul Benson, Chief Judge, United States District Court for the District of North Dakota.

sary here. Reed was convicted for assisting the interstate transportation of several pieces of stolen tractor equipment. The government's key witness, Dale Linn Johnson, testified that, in late September, 1979, he was at Reed's junkyard in Indiana where he assisted Reed in loading several pieces of stolen equipment onto a truck. Although Johnson could not recall the exact date when he was at Reed's junkyard, the evidence introduced at trial pinpointed the date as sometime between the 25th to 30th of September, 1979. The gist of Reed's defense was that Johnson had incorrectly identified him and his junkyard as the person and place of business where the crime occurred. The jury found Reed guilty as charged. Reed appealed, raising several claims of error, including the following. First, that the district court abused its discretion in denying his motion for a continuance because his counsel did not have adequate time to prepare a defense. Second, that the court abused its discretion in denying his motion for appointment of cocounsel in Indiana or, in the alternative, for travel expenses for his attorney to travel from North Dakota to Indiana for consultation and investigation. Third, that the government violated *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to disclose phone company records indicating that witness and coconspirator Johnson was in Indiana on September 26, 1979. This Court rejected these arguments and affirmed Reed's conviction. *Reed*, 658 F.2d 624.

Reed then brought this 28 U.S.C. § 2255 petition, *pro se*, in district court, seeking a new trial on the ground he had been denied the effective assistance of counsel. The district court dismissed Reed's petition, without holding an evidentiary hearing, on the ground that Reed "seeks to raise issues, none of which are new or which were not raised on appeal." Reed appealed and we granted his motion for appointment of counsel.

## II. DISCUSSION.

Reed contends that the district court abused its discretion in refusing to hold an evidentiary hearing on his claim that he had been denied the effective assistance of counsel. Alternatively, he claims that the district court erred in refusing to order a new trial on the ground he had been denied the effective assistance of counsel. The government contends that the district court's rejection of Reed's ineffective assistance of counsel claim without holding an evidentiary hearing should be affirmed because Reed's claim was specifically rejected by this court on direct appeal. Alternatively, the government argues that whether or not Reed's arguments on direct appeal were couched in terms of an ineffective assistance of counsel, this Court specifically determined that Reed suffered no prejudice from any of the alleged problems asserted here, and, because this is an essential element of an ineffective assistance of counsel claim, the district court should be affirmed.

We agree with Reed that this Court's opinion on direct appeal did not directly address whether Reed was denied the effective assistance of counsel. However, in *Strickland v. Washington*, — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Court set forth two essential elements of an ineffective assistance of counsel claim:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.*, — U.S. at —, 104 S.Ct. at 2064. We agree with the government that we need not reach the first prong of this standard because we already determined on direct appeal that Reed's defense was not prejudiced by any of the alleged errors asserted here.

■ First, we reject Reed's claim that he was denied effective assistance of counsel because his counsel did not travel from North Dakota to Indiana to view the scene of the alleged crime. This Court on Reed's direct appeal specifically determined that Reed's defense was not prejudiced by his counsel's failure to personally view the scene of the crime. *Reed*, 658 F.2d at 628.

■ Second, we reject Reed's claim that he was denied effective assistance of counsel because his counsel met with him for only two hours on the day before trial. Although we agree that this might not have been ideal, the gist of this claim was found to be without merit by this Court's holding on direct appeal that the denial of a continuance was not reversible error. That panel held:

> Our review of the record reveals no prejudice to appellant[ ] due to inadequate preparation. Trial counsel * * * conducted [himself] ably and therefore we find that the preparation time granted was adequate. While appellant[ ] argue[s] that the length of the government's investigation and the voluminous government file warranted additional preparation, appellant[ ] "do[es] not indicate what [he was] unable to do at trial which additional preparation would have allowed."
>
> * * * But even if we were to assume an abuse of discretion, Reed does not state how the denial of the personal interview resulted in prejudice.

*Id.*, 658 F.2d at 628 (citations and footnote omitted).

■ Third, we reject Reed's claim that he was denied effective assistance of counsel because his counsel failed to discover the phone records which indicated that Johnson was in Indiana on September 26, 1979. Because the panel specifically held that these phone records were not "exculpatory evidence," 658 F.2d at 628 n. 3, the failure to discover these records cannot be described as prejudicial. Similarly, we reject Reed's claim that he was denied effective assistance of counsel because his counsel failed to acquire his trucking logs filed with the Interstate Commerce Commission. The panel specifically addressed this question and wrote:

> If we were to liberally construe Reed's argument as possibly being based on inadequate preparation, we still would find no merit. Reed does not suggest that his logs do, in fact, place him at a location other than the junkyard on September 26, 1979. Rather, his argument is that the mere existence of such logs raises the possibility of an alibi defense.

*Id.*, 658 F.2d at 628 n. 3.

We note that Reed still does not claim, and support with copies of his logs, that they do, in fact, place him at a location other than his junkyard on September 26, 1979. Nor would it necessarily be exculpatory if they did, unless perhaps, the logs indicated that Reed was not in Indiana at any time from September 25 to 30, because witness Johnson could have been in Indiana at any time during this period.

■ We also reject Reed's claim that he was denied effective assistance of counsel because his counsel allegedly failed to file motions in the proper form. We find nothing in the record to support this allegation. The panel on direct appeal indicated that Reed's counsel conducted himself "ably," 658 F.2d at 628, and, contrary to Reed's suggestion, we find nothing in the opinion which suggests that trial motions were denied because they were not in proper form. Instead, we noted that the motions in question—for travel expenses, cocounsel, a continuance, and for severance—were properly denied on their merits.

■ The only new issue which Reed raises concerns a tape which his counsel allegedly "hid" from him. Reed alleges that this tape contains a statement from witness and coconspirator Johnson that "Reed was innocent." We agree with the government that Reed does not provide enough facts to entitle himself to a hearing. *See Dunn v. Wyrick*, 679 F.2d 731 (8th Cir.1982). Reed's claim is unsupported by affidavit or other evidence and he gives no clue as to where the alleged tape might be, or why

his counsel would have "hid" the tape from him. The government denies that such a tape is anywhere in its files. It also notes that not only is there no evidence that Johnson has recanted, but there is evidence that he had not recanted six months after Reed's trial when James Ray Thompson was tried for his involvement in the conspiracy. *See United States v. Thompson,* 708 F.2d 1294 (8th Cir.1983). Additionally, even if such a tape does exist as newly discovered evidence, Reed does not explain why his claim would not be barred by the two-year limitation of Rule 33 of the Federal Rules of Criminal Procedure pertaining to new trial motions on newly discovered evidence.

Accordingly, we affirm the district court's denial of Reed's section 2255 motion. We express our appreciation to Reed's appointed counsel, John C. Kapsner, for his thorough briefing of the issues; we simply must agree with the government, however, that Reed's claims are without merit.

Affirmed.