William Edward PORTER *v.* STATE of Arkansas

CR 78-90                                    570 S.W. 2d 615

Opinion delivered September 25, 1978
(Division II)

*Don Langston*, for appellant.

*Bill Clinton*, Atty. Gen., by: *Jesse L. Kearney*, Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. William Edward Porter appeals from a decision of the Sebastian County Circuit Court denying post-conviction relief pursuant to Rules of Crim. Proc., Rule 37 (1976).

The trial judge, after a lengthy hearing, granted credit to Porter for jail time served but otherwise denied his petition and on appeal we find no error in the court's decision.

Porter was originally sentenced in 1969 by Sebastian County Circuit Judge Paul Wolfe, now deceased, to twenty-one years in the Arkansas Penitentiary on some twenty-two charges involving burglary and grand larceny. At that time he was on probation on two counts of possession of stolen property; his probation was revoked in the same proceeding in which he was sentenced on the other twenty-two charges. Shortly after Porter was sentenced to twenty-one years, he escaped from the jail, was caught a few days later and sentenced to two more years on the escape charge, consecutive to the twenty-one year sentence; he also received five years probation for stealing a bread truck in connection with his escape.

In all instances Porter pleaded guilty to these charges. In 1969, according to Porter, he had already spent twenty-three of his forty years incarcerated in penal institutions.

Porter's petition contains numerous complaints regarding violation of his rights. He claims that at the time he was originally placed on statutory probation he had already confessed to several offenses but was not charged because of a "deal" he made with a detective. The agreement was that, in consideration for his cooperation with the detective, Porter would be allowed to remain free. The cooperation was supposed to consist of helping the detective catch another individual in a burglary or larceny.

Porter argued that the confession he made to numerous burglaries before he was charged with some twenty-two counts of burglary and grand larceny was a result of coercion and trick by the officers. He alleged that he had ineffective counsel at the time he pleaded guilty.

He claimed that the trial judge was prejudiced and com-

mitted error in failing to advise him of his rights at the time he pleaded guilty.

He claimed that he has received cruel and inhuman treatment in the penitentiary and is being prevented from earning "good time" and being paroled. Finally, he argued that he had served enough time, had learned his lesson and that his sentence should be reduced.

In summary, Porter's petition and testimony was that everybody had violated his rights: the detective working on his case; his court appointed attorney; the FBI; a psychiatrist; the judge; his jailers; and, in general, the judicial system of Sebastian County.

Porter testified at length, as did his court appointed trial attorney and several police officers who had worked on his case. The original transcript of his plea and sentencing procedure before Judge Wolfe in 1969 was before the court. The witnesses for the state essentially disputed Porter's testimony. Therefore, the issue became one of credibility and weight of testimony.

The trial judge, after hearing and considering the evidence, and deliberating on the matter, made a finding that Porter's petition was without merit. On review of the findings of the trial court, after a Rule 37 hearing, we look to see if those findings are clearly against the preponderance of the evidence, which is essentially the same standard of review as the "clearly erroneous" rule followed by the federal courts. See *Degler* v. *State,* 257 Ark. 388, 517 S.W. 2d 515 (1974); *Winford* v. *Swenson,* 517 F. 2d 1114 (8th Cir. 1975), *reh. den.* (1975); *State* v. *Osborn,* 263 Ark. 554, 566 S.W. 2d 139 (1978). It was the petitioner's burden to prove his allegations and in this case the trial judge found he had not met that burden. We cannot say, after carefully examining all his allegations, the record, and the court's findings, that its findings are clearly against the preponderance of the evidence.

We are not unmindful of Porter's request for leniency. However, as the trial judge pointed out, the original twenty-one year sentence was, if anything, light considering the

number of charges involved, and his request for mercy is a matter for the parole board.

Affirmed.

We agree. FOGLEMAN, BYRD and HOWARD, JJ.