Dung Thai TRAN, Appellant,

v.

A.L. LOCKHART, Director Arkansas Department of Corrections, Appellee.

No. 87–1814EA.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1988.

Decided June 13, 1988.

Rehearing and Rehearing En Banc Denied Aug. 31, 1988.

Susan M. Rogers, Little Rock, Ark., for appellant.

Theodore Holder, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and HANSON,* Senior District Judge.

HANSON, Senior District Judge.

Dung Thai Tran appeals the District Court's denial of his petition for habeas corpus. In the petition Tran asserts that a guilty plea he entered to a charge of capital felony murder should be set aside on the grounds that his unfamiliarity with the English language at the time of the plea, when combined with the actions of his court-appointed counsel, resulted in a violation of rights guaranteed to him by the United States Constitution. This Court, for the reasons discussed below, affirms the the order of the District Court.

### Facts

Dung Thai Tran is a refuge from Vietnam. On March 23, 1979, at the age of 20, Tran plead guilty to the charge of capital felony murder for unlawfully causing the death of Tan Kim while in the course of committing rape and robbery of her. This plea was entered in the Sebastian County Circuit Court of Arkansas before the Honorable Judge David Partain pursuant to a plea agreement in which the state agreed to waive the death penalty. Tran was represented by Sebastian County Public Defender Donald Langston at this hearing. As a result of the plea, Tran was sentenced to life imprisonment without parole.

On December 16, 1985, 6½ years after he entered the guilty plea, Tran filed a pro se petition for a writ of error coram nobis with the trial court that had taken his plea. In this petition Tran alleged that he did not understand the English language well enough to knowingly and voluntarily enter a guilty plea, and that his counsel's assistance had been ineffective. Specifically, Tran alleged: that at the time of his plea hearing he "could not speak the native English language except for yes or no"; that his counsel had been ineffective in not having an interpreter appointed for him; that his counsel was unable to prepare a proper defense for him because he could not talk to Tran in Tran's native language; and that "he is not guilty as he has been persuaded to plead." In the petition Tran also alleged that it had taken him 6½ years to file the writ because he had only recently developed the English skills that had allowed him to realize the "injustice" that had been done to him.

On May 15, 1986, without holding an additional hearing, the state trial court issued an order denying Tran's petition on two alternative grounds. First, the court held that Tran's motion was filed outside of the three-year limitations period required by Rule 37.2(c) of the Arkansas Rules of Criminal Procedure for petitions seeking relief through post-conviction proceedings. Second, the court ruled that the record of Tran's plea hearing "conclusively shows that the defendant is entitled to no relief", implicitly finding that the grounds asserted were meritless.

On November 3, 1986, the Supreme Court of Arkansas denied Tran's pro se petition for a writ of certiorari appealing the decision of the trial court. The Court, without hearing, upheld the trial court's determination that Tran's petition was procedurally barred by Rule 37.2. The Court did not address the issue of of Tran's English sufficiency at the time of his plea.

Having exhausted his state remedies on this claim Tran then filed a petition for a writ of habeas corpus with the United

---

* The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

States District Court for the Eastern District of Arkansas, the Honorable Garnett Thomas Eisele. In this petition Tran moved the court for the appointment of counsel and reasserted the basic claims he made in his petition for a writ of coram nobis. Two noteworthy differences in the habeas petition were its failure to make any reference to Tran's guilt or innocence, and the addition of the related allegation that Tran's counsel had persuaded him to go along with whatever his counsel did at the plea hearing. Appellee responded by asking the District Court to deny the petition without a hearing. Attached to the response as exhibits were copies of: the plea hearing transcript; Tran's state writ; and the trial court's order denying the state writ. Tran then moved for an evidentiary hearing on the issues raised.

The District Court, without receiving further evidence and without appointing counsel for Tran, held that Tran's petition presented the Court with two related claims. The claims being whether his counsel was ineffective in assisting him, and whether he understood the consequences of his guilty plea sufficiently to enter a voluntary plea. The Court then found both of these claims to be without merit.

The Court ruled that the ineffectiveness claim failed for two separate reasons. First of all, the Court ruled, the record established that Tran had never requested an interpreter and that an interpreter was not necessary in the case. Secondly, the Court held that Tran had not sufficiently alleged prejudice.

The District Court based its ruling that the voluntary plea claim was without merit on the grounds that the implicit finding by the state trial court that Tran did understand his guilty plea was entitled to a "presumption of correctness" under 28 U.S.C. § 2254(d). Finding that the trial court's findings on this issue were fairly supported by the record, the District Court went on to rule that although Tran's "grasp of the English language may have been somewhat limited, he did possess a sufficient understanding to voluntarily and intelligently offer his plea." Accordingly, the

District Court denied Tran's petition in total.

Tran now challenges the District Court's holdings: that he did not allege prejudice; that an interpreter was not necessary; that the trial court's finding of a voluntary plea should be afforded a presumption of correctness; and that he voluntarily and knowingly entered the plea. He also argues that the District Court's failure to hold an evidentiary hearing on the issue was in error.

### Ineffectiveness of Counsel

This Court agrees with the District Court that Tran's claims represent two attacks on his plea, one based on the allegation of ineffectiveness of counsel and one based on the allegation that the guilty plea was not voluntarily entered. We will address the ineffectiveness of counsel claim first.

In the case *Hill v. Lockhart, Director Arkansas Department of Corrections*, the Supreme Court upheld a district court's denial, without an evidentiary hearing, of a habeas petition alleging that a guilty plea should be overturned by reason of ineffectiveness of counsel. 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The Court ruled that in order to challenge a guilty plea through a claim of ineffective assistance of counsel a defendant must show that he was "prejudiced" by his counsel's performance, and specified that "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S.Ct. at 370. In explaining this standard the Court further ruled that:

In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing

him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.

*Id.* at 59, 106 S.Ct. at 370–71.

This Court finds that Tran has not sufficiently plead prejudice under the standard established by the Supreme Court in *Hill.* First of all, although Tran's state petition could be read as alleging that he was not guilty, he does not assert in either petition that "he would not have pleaded guilty and would have insisted on going to trial" had he been provided with an interpreter. Additionally, nowhere does he supply this Court with the type of specific facts which would allow it to make the kind of detailed analysis required under *Hill.* The allegation that an interpreter would have allowed him to "relay to his attorney important facts surrounding his case" is simply not enough because it does not provide the type of information which would allow an intelligent assessment of the likelihood that Tran would not have plead guilty. For all we know, the mystery facts which Tran claims he could have disclosed may be entirely irrelevant. Under *Hill,* this is not enough.

Appellant's assertions that such specific allegations are not necessary overlooks the *Hill* majority's discussion regarding specifics quoted above, and of that Court's application of these specifics. *See Id.* at 60, 106 S.Ct. at 371. The assertion also violates common sense. This case is almost ten years old. Surely before a Court reopens a ten year old plea, on the type of grounds which Tran alleges, the petitioner must be required to allege in specific detail what it is he could have told his attorney that would have enhanced a possible defense so

that the reviewing court can quickly dispose of any entirely frivolous claims. Accordingly, the District Court's dismissal of the ineffectiveness of counsel claim was proper.

## A Knowing and Voluntary Plea

The remaining issue before the Court is whether the District Court erred in finding, without holding an evidentiary hearing, that Tran sufficiently understood the consequences of his guilty plea to enter a voluntary plea. The longstanding test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970).

The Court first notes that it does not consider the evidence in the record before it sufficient, under any standard of review, for this Court to grant Tran's request for the issuance of a writ of habeas corpus. Instead, the only aspect of this issue which merits discussion is whether the evidence in the record was sufficient for the District Court to dismiss the petition without first supplementing the record with additional evidence.

It is well established that where an applicant for a writ of habeas corpus alleges facts which, if proved, would entitle him to relief, and where those facts are in dispute, "the federal court in habeas corpus must hold an evidentiary hearing ... unless the state-court trier of fact has after a full hearing reliably found the relevant facts." *Townsend v. Sain,* 372 U.S. 293, 312–313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1962). However, it is also recognized that in the specific context of habeas petitions challenging guilty pleas, allowing "indiscriminate hearings in federal postconviction proceedings ... would eliminate the chief virtues of the plea system—speed, economy, and finality." *Blackledge v. Allison,* 431 U.S. 63, 71, 97 S.Ct. 1621, 1628, 52 L.Ed.2d 136 (1976).

This is because the advantages provided to the criminal justice system through "the guilty plea and the often concomitant plea bargain" can be secured "only if dispositions by guilty plea are accorded a great measure of finality." *Id.* at 71, 97 S.Ct. at 1628. Thus, once a person has entered a guilty plea any "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* at 74, 97 S.Ct. at 1629. Additionally, "a district court is not required 'to conduct an evidentiary hearing on allegations which amount[ ] to no more than a bare contradiction of statements petitioner made when she [or he] pled guilty.' " *Dunn v. Wyrick,* 679 F.2d 731, 733 (8th Cir.1982) (quoting *United States v. Williams,* 536 F.2d 247, 250 (8th Cir.1976)).

■ The record before this Court shows that to the extent Tran's allegations are sufficiently supported by specifics, they are either wholly incredible or merely bare contradictions of statements he made when he plead guilty. For example, Tran's most specific allegation regarding his limited English is the assertion that at the plea hearing "he could not speak the native English language except for yes or no." [1] This incredible allegation fails on its face when examined against the transcript of the plea hearing as it shows Tran using such phrases as: I do understand; no, sir; yes, I signed it; yeah, I understand what he told me; I have no questions; I am twenty; and I plead guilty.

Another assertion which is both incredible and a bare contradiction is Tran's assertion that he needed to have an interpreter appointed in order to understand the plea hearing proceedings. Aside from some syntactical errors, his testimony on the whole appears to be very responsive and indicative of his ability to understand the proceedings and intelligently participate in his defense. Additionally, the record shows that Tran stood by silently while his counsel told the court "I have always went over with him whether or not he understands English well and whether or not he wanted an interpreter and he has always told me that he did understand what I was saying and that an interpreter was not at all necessary." [2]

Immediately after Tran's counsel made this statement the trial court asked Tran whether there was anything that he did not understand or that he had any questions about, to which Tran responded "I have no questions." This discussion, when combined with Tran's exhibited English skills, shows that he understood that an interpreter was available for him if necessary, and that he knowingly consented to having the hearing go on without an interpreter. And, as the Supreme Court held in *Blackledge,* "the representations of the defendant, his lawyer, and the prosecutor at [the plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." 431 U.S. at 73–74, 97 S.Ct. at 1629. This barrier is not overcome on this point.

■ The allegation that Tran's counsel had persuaded him "to go along with whatever the attorney did" is also insufficient. First of all, it is not specific enough. This allegation could mean nothing more than that Tran's counsel had told him he would help lead him through the plea hearing, after having agreed with Tran on the proper course to follow at the plea hearing— something which many attorneys do for their clients. Secondly, it is by and large a bare contradiction of Tran's statements at the plea hearing. Third, the allegation is somewhat incredible in light of Tran's independent inquiry with the court regarding parole, and because of the fact that for

---

1. The Court considers the allegations of the the the state petition incorporated into the habeas petition to the extent that they provide specifics to otherwise general allegations.

2. The Court also notes on the merits of Tran's allegation that he was entitled to an interpreter, that "where no request is made for an interpreter and the record shows no need for one in that the defendant has no difficulty in communicating, a trial court does not abuse its discretion by failing to appoint an interpreter." *Luna v. Black,* 772 F.2d 448 (8th Cir.1985).

most of the hearing Tran was interacting directly with the court and not even through his attorney. Finally, to the extent that we construe this allegation broadly enough so that a hearing would be warranted we are also construing it beyond the claim that was considered by the state trial court as this allegation was not present in Tran's petition at the state level. Accordingly, because of the insufficiencies of all of the allegations, the District Court was acting within its discretion in denying Tran an evidentiary hearing on his petition.

■ Further support for this conclusion arises from the fact that the **combination** of the plea hearing and the review of the petition for a writ of error corum nobis gave Tran the equivalent of an evidentiary hearing before the state court trier of fact on the claims he raises. This is because the same trial judge presided over both hearings. Thus, he considered the merits of Tran's allegations with the full knowledge of what actually occurred at the hearing with regard to the interaction between Tran, his attorney, and the court. Therefore, the state trial court's finding that Tran did voluntarily enter his plea was a reliable finding based on a full hearing. As such, the District Court was correct in affording the finding a presumption of correctness and was not in error in denying Tran an additional evidentiary hearing on the claim that the plea was not voluntary.

Accordingly, we affirm the District Court's dismissal of appellant's petition for a writ of habeas corpus.

BRIGHT, Senior Circuit Judge, dissenting.

I dissent. Contrary to the view of the majority, I cannot characterize the petitioner's claims as incredible. Indeed, a close reading of the transcript finds those claims not only supportable, but compelling.

In this case, we have for consideration the claims of a twenty-year-old Vietnam refugee who, uprooted in a strange land, appeared at his plea hearing without the benefit of a day's education in the English language. The state of Arkansas appointed a lawyer for him and brought him before the judge who spoke to defendant Tran in an unfamiliar tongue. While a plea hearing implies a dialogue, here all the talking was done by the judge or the appointed attorney, punctuated by Tran's occasional laconic responses.

At no time did the trial judge ascertain that Tran knew or understood what was being said to him. All Tran did was say "yes" or "I understand". But what did he know and what did he understand? The record does not tell us.

For example, the trial judge opened the guilty plea hearing with this beginning

THE COURT: Now, Mr. Tran to be sure that you understand and the Court wants to be satisfied that you do and if there is not any difficulty that might be caused by any inability that you might have not understanding these proceedings, it is necessary that I ask you are you guilty of causing the death of Tan Kim?

MR. TRAN:

A. Yes.

[Clerk's Record 45–46].

What did the "yes" answer to this convoluted question mean? Did Tran agree that the court should be satisfied that Tran understands; or did Tran agree he was guilty?

To insure that Tran possessed knowledge of English sufficient to plea knowingly and voluntarily, all the state trial judge needed was to ask Tran to explain as best he could in English what had happened with respect to the victim.

But no one asked Tran to speak a word of explanation. Indeed, very curiously in fact, when the court addressed the very critical question quoted above to Tran, he received only a "yes" to a question needing more explanation. Tran did not provide that explanation but his appointed counsel chimed in with the following:

MR. LANGSTON: Your Honor, I have went [sic] over this paper with him about his rights and you have went [sic] over basically what this paper has on it but executed that with him this morning up in the conference room of

the jail and you may want to make that a part of the file.

After reading the record, I am left with the uncomfortable feeling that Tran may not have really understood what was happening to him. Without an interpreter or without an informed native friend beside him in court to explain the proceedings, who can really say that he knew and understood?

I cannot. Nor can I characterize Tran's allegation as "incredible", as does the majority.

I would vacate the judgment dismissing his writ and remand for an evidentiary hearing, giving Tran appointed counsel to assist him in these habeas proceedings in the federal district court.