Douglas Keith SUMMERLIN *v.* STATE of Arkansas

CR 88-101                    756 S.W.2d 908

Supreme Court of Arkansas
Opinion delivered September 26, 1988

*Terry Crabtree*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. The appellant was convicted on charges of attempted rape and kidnapping. He was sentenced to twenty years imprisonment and fined fifteen thousand dollars on the kidnapping charge and was sentenced to an additional and consecutive term of twenty years on the attempted rape charge. On appeal, appellant contends that the court erred in denying his motion for a directed verdict. He claims the state's evidence was insufficient to support either the attempted rape or kidnapping convictions.

The victim testified that on June 25, 1986, she was jogging on a park path in a wooded area near Lake Atalanta—a park in the city of Rogers, Arkansas. She related that, while she was jogging, a blue Honda Civic (appellant's vehicle) passed her several times. As she was jogging around a curve in the path, she noticed the Honda parked by the roadside with the door open on the driver's side, and she observed the appellant standing on the opposite side of the road. Appellant was described by the victim as being completely nude and holding his "male part" in one hand with a "funny grin" on his face. Appellant asked the victim whether she wanted to "go for a swim," to which she responded "no."

The victim further testified that, as she ran past appellant, "he came from behind me and enveloped me with both of his arms and he pulled me to the ground." A struggle ensued during which the victim repeatedly screamed for help. At one point, the appellant stood at the victim's feet, held one of her legs and tried to take off her shorts. The victim begged the appellant to let her go because someone was waiting for her in the park. Appellant seemed irritated at the victim's pleas, but continued to tug at and

rip her shorts. According to the victim, the appellant exclaimed "Whoa" upon seeing part of the victim's body. She said that the appellant then got on top of her, but she managed to get him off and started to run. Although appellant grabbed at one of her legs, she was able to get away.

■ Appellant's argument that the state's proof failed to support his attempted rape charge is totally without merit. Appellant argues that he never voiced an intent to rape the victim, he never fondled her and the only evidence of any aberrant sexual behavior was his nudity when he confronted her. While the record supports the appellant's claim that he actually voiced no intent to rape the victim, we can safely say that appellant's actions speak louder than words when trying to assign a purpose to the conduct the appellant displayed in this matter. As this court said in *Frederick* v. *State*, 258 Ark. 553, 528 S.W.2d 362 (1975), proof of an assailant's intention to have sexual intercourse with the victim is not sufficient, unless an intention to accomplish that purpose by force may be ascertained from acts or words connected with the assault and there is some overt act toward the accomplishment of that purpose. We have also recognized that intent to rape might be proved by circumstances surrounding the assault from which the intent may be inferred. *Poole* v. *State*, 234 Ark. 593, 353 S.W.2d 359 (1962).

A person commits rape if, by forcible compulsion, he engages in sexual intercourse or deviate sexual activity with another person. Ark. Code Ann. § 5-14-103(a)(1) (1987). A person attempts such an offense if he purposely engages in conduct that constitutes a substantial step in a course of conduct intended to culminate in the commission of rape whether or not the attendant circumstances are as he believes them to be. *See* Ark. Code Ann. § 5-3-201 (1987).

■ Here, the appellant was naked and holding his penis when he first accosted the victim. He then attacked her, threw her on the ground, climbed on top of her and ripped her shorts. It defies common sense, we think, to argue these circumstances fail to show appellant's intent to rape the victim. To the contrary, we believe the evidence supports the conclusion that appellant did take a substantial step towards raping his victim. Therefore, we affirm his conviction for attempted rape.

Appellant's argument concerning his kidnapping charge has merit and requires our careful analysis. Applicable to the facts at bar, a person commits the offense of kidnapping if, without consent, he *restrains* another person *so as to interfere substantially* with her liberty with the purpose of inflicting physical injury upon her or of engaging in sexual intercourse, deviate sexual activity, or sexual contact with him. (Emphasis added.) *See* Ark. Code Ann. § 5-11-102(a)(4) (1987). As noted in the commentary to Ark. Stat. Ann. § 41-1702 (Repl. 1977), now Ark. Code Ann. § 5-11-102, the Criminal Code, in defining kidnapping, speaks in terms of restraint rather than removal. The commentary further explains that the exclusion of de minimus restraints from the definition of kidnapping is desirable since offenses such as rape or robbery necessarily contemplate restrictions on the victim's liberty while the crime is actually committed. Thus, it is only when the restraint exceeds that normally incidental to the crime that the rapist (or robber) should also be subject to prosecution for kidnapping. *Id.; Lewis* v. *State*, 295 Ark. 499, 749 S.W.2d 672 (1988) (kidnapping, rape and aggravated assault upheld when victim was forced and kept in car and taken to an apartment where she was raped); *Jones* v. *State*, 290 Ark. 113, 717 S.W.2d 200 (1986) (kidnapping, rape and theft of property upheld when victim was forced to drive her car to a country, wooded area where she was raped and then tied to a tree before defendant stole the car); *Cozzaglio* v. *State*, 289 Ark. 33, 709 S.W.2d 70 (1986) (kidnapping and rape upheld when victim was pulled into car, driven twenty-four miles to an adjoining county where she was raped); *Cook* v. *State*, 284 Ark. 333, 681 S.W.2d 378 (1984) (kidnapping upheld when victim was ordered at gunpoint into her car, then threatened and struck several times before the defendant fled); *Beed* v. *State*, 271 Ark. 256, 609 S.W.2d 898 (1980) (kidnapping and rape upheld when defendant, armed with a pistol, took control of victim's car with her in it, drove to a field off a highway, ordered her into the car's back seat where he raped her).

In the instant case, the state's proof shows the restraint employed on the victim by the appellant was no greater than that which the state was obliged to prove on its attempted rape charge against the appellant. In other words, that restraint used by the appellant did not exceed that normally incident to the crime of

attempted rape, and therefore, cannot form the basis for the two separate crimes of kidnapping and rape.

In accordance with the foregoing, we affirm appellant's conviction for attempted rape, but because the evidence is insufficient to sustain the kidnapping conviction, we must reverse and dismiss that charge. *See Hicks* v. *State*, 271 Ark. 132, 607 S.W.2d 388 (1980).