Loyd Ray WHITE *v.* STATE of Arkansas

CR 89-169                                                  781 S.W.2d 478

Supreme Court of Arkansas
Opinion delivered December 18, 1989

*Steven R. Davis*, for appellant.

*Steve Clark*, Att'y Gen., by: *Sandra Bailey Moll*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant appeals from the trial court's denial of his Rule 37 motion to dismiss his rape and kidnapping convictions. He argues that (1) his trial counsel was ineffective for having failed to raise appellant's right to a speedy trial, (2) the trial court erred in substantially complying with A.R.Cr.P. Rule 24 when accepting his guilty pleas, and (3) the judgment and sentence for both rape and kidnapping violate appellant's right to be free from double jeopardy. We consider each argument in the order as set out above.

Concerning appellant's first point, appellant states that he was charged with rape and kidnapping on October 22, 1987 and that, under A.R.Cr.P. Rules 28.1(c) and 28.2(a), he should have been tried no later than October 22, 1988, i.e., twelve months from the time appellant was charged. Although the lower court originally set appellant's trial for October 6, 1988, that trial was continued. In fact, the record reflects a second trial date was set

for February 2, 1989. The appellant, however, actually pled guilty to the crime on January 27, 1989—or three months past the date when his case should have been tried.

The state responds that under Rule 28.3 there should be days excluded when computing the time for trial bringing the state within the speedy trial requirements. Over appellant's objection, the state at the Rule 37 hearing offered evidence that the state attempted to locate appellant after he was charged on October 22, 1987. Appellant's whereabouts were unknown—even to his attorney—until February 2 or 3, 1988, when he was arrested. The state also presented evidence that appellant had orally moved for a continuance in order to obtain scientific tests from a New York laboratory. In sum, the state contended that these two periods were excludable under A.R.Cr.P. Rule 28.3(c) and (e).

The appellant counters the state's argument by citing Rule 28.3(i), which requires that all excluded periods must be set forth by the court in a written order or docket entry. *See Cox* v. *State*, 299 Ark. 312, 772 S.W.2d 336 (1989); *Shaw* v. *State*, 18 Ark. App. 243, 712 S.W.2d 338 (1986). Appellant points out that in the present case the trial court altogether failed to enter any orders or docket entries authorizing the periods claimed by the state. For this reason, appellant claims his attorney should have moved to dismiss his charges when the original speedy trial date expired on October 22, 1988, and that his counsel further was wrong in allowing appellant to plead guilty to the charges three months later. We find no merit to appellant's contentions.

This appeal is from a Rule 37 proceeding and does not involve a direct appeal regarding the Speedy Trial Rule. Instead, appellant's contention is that his counsel was ineffective because he failed to file a motion to dismiss. Thus our focus is limited to whether the performance of appellant's counsel was deficient in that he made an error so serious that he was not functioning as the "counsel" by the sixth amendment to the Constitution, and the deficient performance must have resulted in prejudice so pronounced as to have deprived the appellant of a fair trial whose outcome cannot be relied on as just. *Finley* v. *State*, 295 Ark. 357, 748 S.W.2d 643 (1988). Appellant's guilty plea was the trial in this case. *Cox*, 299 Ark. 312, 772 S.W.2d 336.

The law is settled that there is a presumption that

counsel is competent, and the burden is on the appellant who must show more than mere errors, omissions, mistakes, improvident strategy or bad tactics. *Whisenhunt* v. *State*, 292 Ark. 33, 727 S.W.2d 847 (1987). To prove ineffective assistance of counsel, appellant must establish that his counsel's advice was not within the range of competence demanded of attorneys in criminal cases, and he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*

In the present case, appellant's counsel testified that he did not move to dismiss the charges against appellant because it was counsel who had orally moved to continue the original trial set on October 6, 1988, so that he could obtain a DNA matching test from a New York laboratory. Counsel had suggested to appellant that such a test could either exonerate or serve to convict him and that appellant encouraged counsel to get the tests. The tests were not received until January 1989.

Counsel testified that if he had raised the speedy trial issue in January 1989, he would have been committing fraud on the court because he knew, and the judge knew, counsel had requested a continuance. Counsel's action in obtaining a continuance (at appellant's urgence) was in hopes of exonerating appellant, and his later and additional efforts were directed at obtaining a sentence less than life—the term he could have received for rape. Appellant was sentenced to twenty years for rape and twenty years for kidnapping, to be served consecutively.

We believe counsel's decision not to raise the speedy trial issue, under these circumstances, was a correct one. We also agree with the state's assessment that to allow such a challenge by the appellant would violate the spirit of the rule that one cannot agree with a ruling by the trial court and then attack that ruling on appeal. *Gilbert* v. *State*, 277 Ark. 61, 639 S.W.2d 346 (1982). Therefore, we reject appellant's claim that his counsel was ineffective.

In appellant's second point, he argues several reasons why the trial court erred in conducting the guilty plea hearing in substantial compliance with the requirement listed in A.R.Cr.P. Rule 24; all but one have no merit. Although appellant argues he was not advised of the minimum and possible maximum

sentences to the charges against him, the record reflects otherwise. He was present when his counsel, the prosecutor and the trial judge discussed sentencing. He was apprised of the possible life term he could have received for rape and the minimum sentence of twenty years for the crimes was also discussed. Appellant claims he was not advised of his right to confront witnesses, but again the record shows that the trial court fully apprised him that he was entitled to a trial, to be represented by an attorney, to present evidence, to compel attendance of witnesses and to offer any valid defense. Appellant further complains that after he decided to plead guilty, he was forced to appear on January 27, 1989—before the scheduled trial date of February 2, 1989—to enter his plea. Appellant states he had not violated his release agreement and should have been permitted to enter his plea on February 2. Of course, appellant concedes he had already intended to plead guilty before the state submitted that the appellant should appear on the January 27 date. At the plea hearing, the judge very clearly asked appellant if he was freely and voluntarily entering his pleas, to which appellant stated he was.

Finally, appellant contends that no factual basis under A.R.Cr.P. Rule 24.6 was established for his guilty pleas. Concerning the rape charge, appellant, in responding to the judge's inquiries, admitted that he had raped the victim and had used physical force when doing so. He stated the victim resisted when appellant compelled him to have sex. Clearly, a factual basis was established to support the rape conviction.[1]

Regarding the kidnapping crime, we note that, in circumstances like those before us here, a person commits the offense of kidnapping if, without consent, he restrains another person so as to interfere substantially with his liberty with the purpose of inflicting physical injury upon him or of engaging in sexual intercourse, deviate sexual activity, or sexual contact with him. See Ark. Code Ann. § 5-11-102(a)(4) (1987); Summerlin v. State, 296 Ark. 347, 756 S.W.2d 908 (1988). It is only when the

---

[1] A person commits rape if, by forceable compulsion, he engages in sexual intercourse or deviate sexual activity with another person. Ark. Code Ann. § 5-14-103(a)(1) (1987).

restraint exceeds that normally incidental to the crime that the rapist should also be subject to prosecution for kidnapping. *Id.*

When discussing the kidnapping charge with the appellant at the plea hearing, the trial court stated the following:

THE COURT: And you're also charged with the offense of kidnapping and while I do not have the precise allegations in front of me, that would generally mean if you took him against his will and restrained him unlawfully and did you do that in some way?

DEFENDANT: Yes, sir.

THE COURT: And did he object to that in any way?

DEFENDANT: Yes, sir.

THE COURT: And did he resist you in taking him against his will?

DEFENDANT: Yes, sir.

The trial judge apparently was not knowledgeable of the facts concerning the kidnapping charge and failed to ask the appellant, appellant's counsel or the prosecutor to recite the factual basis for the charge. Nonetheless, based upon the scant recital above, the judge declared a factual basis existed even though no facts were related that reflected that the restraint employed by appellant was no more than that which was required to commit the rape.[2] As a consequence, we must reverse this part of the trial court's ruling and permit appellant to withdraw his plea as to the kidnapping charge.

Appellant's last argument is that being convicted of rape and kidnapping violates his right to be free from double jeopardy. He offers no citation of authority. Our decisions reflect that kidnapping is not necessarily a lesser included offense of

---

[2] Counsel, who represented appellant at the plea hearing, testified at the Rule 37 hearing that a gun was involved in some manner, but it is not clear when this fact was discussed.

rape. *See Jones* v. *State*, 290 Ark. 113, 717 S.W.2d 200 (1986). As we have demonstrated by case law, rape and kidnapping are separate crimes. *Summerlin*, 296 Ark. 347, 756 S.W.2d 908; *Beed* v. *State*, 271 Ark. 256, 609 S.W.2d 898 (1980). We simply find no merit in appellant's double jeopardy claim.

For the reasons above, we affirm the trial court, but reverse that part of its decision denying the appellant's withdrawal of his plea to the kidnapping charge.

HICKMAN, J., would affirm.