Gary CRANFORD and Dixie Cranford *v.* STATE of
Arkansas

CR 89-148                                    797 S.W.2d 442

Supreme Court of Arkansas
Opinion delivered October 22, 1990

*Baim, Gunti, Mauser, DeSimone, Robinson & Kizer*, by: *Maxie G. Kizer*, for appellant.

*Stave Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. This appeal is brought from a denial of post-conviction relief under Ark. R. Cr. P. Rule 37. The issue is whether the appellants received ineffective assistance of counsel in connection with their guilty pleas.

In January of 1987, appellants Dixie and Gary Cranford, husband and wife, were charged with the rape of two young girls. In March of 1987, they pled guilty pursuant to a negotiated plea agreement and were each sentenced to a term of eighteen years imprisonment on two counts of rape. The sentences were to be served concurrently. On October 19, 1987, appellants filed a petition for relief under Ark. R. Cr. P. Rule 37, contending their guilty pleas were invalid based on an allegation of ineffective assistance of counsel. The trial court denied the petition for relief and we affirm.

In *Strickland* v. *Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test which must be met to prove ineffective assistance of counsel. Under the first prong, the defendant must show that the counsel's performance was deficient, i.e., that it fell below an objective standard of reasonableness. The second prong requires the defendant to prove the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. The Supreme Court has held that this two-prong test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill* v. *Lockhart*, 474 U.S. 52 (1985). When a guilty plea is challenged the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." This satisfies the second-prong "prejudice" requirement. *Id.* at 59. If appellants fail to satisfy either prong of the *Strickland/Hill* test, their claim of ineffective assistance fails. *Hill, supra*, 474 U.S. at 60.

Appellants first maintain that because their attorney was elderly, having been born in 1911, and was generally known not to be in good health, his assistance was ineffective. When we consider that the burden is on the appellant to overcome the strong presumption that counsel is competent and that appellants failed to show how counsel's age and health affected his represen-

tation, there is no basis for a finding of ineffective assistance. *See White* v. *State*, 301 Ark. 74, 781 S.W.2d 478 (1989); *Ross* v. *State*, 292 Ark. 663, 732 S.W.2d 143 (1987). The burden is on the petitioner to prove his allegations for post-conviction relief and we do not reverse the trial court's findings unless they are clearly against the preponderance of the evidence. *Irons* v. *State*, 267 Ark. 469, 591 S.W.2d 650 (1980); *Porter* v. *State*, 264 Ark. 272, 570 S.W.2d 615 (1978). .

Appellants next allege that their attorney never discussed with them the state's evidence against them. Appellants were each charged with two counts of the rape of two girls, one age twelve and one ten.

The older child gave a statement that both Dixie and Gary Cranford performed oral sex on her and that Gary Cranford had sexual relations with her on several occasions. She said that Dixie Cranford had taken pictures of her without clothes on. One picture was taken of her lying on the bed with her legs spread apart and the other was of her and Gary Cranford, both nude, touching each others' genitals. She stated she had seen Gary and Dixie perform oral sex on the younger child. The ten-year-old gave a statement that the Cranfords performed oral sex on her several times and said similar photographs were taken of her. The state had possession of the girls' statements and the photographs. Testimony revealed that at their bond hearing, the Cranfords were apprised of this evidence.

Even if we assume the appellants were not completely informed as to all the evidence against them, they failed to prove the "prejudice" prong of the *Strickland* test as it applies to guilty pleas. *See Hill, supra.* Appellants do not allege that, had counsel correctly informed them about all the evidence against them, they would have pleaded not guilty and insisted on a trial. Their concern, expressed when they entered their guilty pleas, was that they could not convince a jury they were innocent.

Additionally, appellants failed to satisfy the first prong of *Strickland* by proving counsel's performance fell below an objective standard of reasonableness. To do so, they must establish that the counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *White* v. *State, supra*, at 77. Faced with the prospect of a jury viewing the

explicit photographs and hearing the girls' unequivocal statements, we cannot say that appellants' counsel was deficient by engaging in plea negotiations.

Appellants also argue that their attorney did not discuss the possibility of a lesser included offense being sought, nor did he discuss any possible defenses they may have had. They provide no factual support for these conclusory allegations. They have the burden of providing facts that establish actual prejudice due to their attorney's conduct. *Campbell* v. *State*, 283 Ark. 12, 670 S.W.2d 800 (1984). More facts are necessary to make a reasoned assessment of whether they had a successful defense or a lesser included offense available. The record does not support these allegations. Without such facts, we must find that appellants have not sufficiently pled prejudice because it is impossible to make the kind of detailed analysis required under *Hill*.

Appellants assert that their attorney should have responded to the state's motion to take videotaped depositions of the victims. They maintain that the statute permitting taped depositions violated their Sixth Amendment right to be confronted with the witnesses against them. In *McGuire* v. *State*, 288 Ark. 388, 706 S.W.2d 360 (1986), we upheld the constitutionality of our statute. But appellants are correct in that the United States Supreme Court found a state statute which allowed the victim to testify from behind a screen violated the confrontation clause of the Sixth Amendment. *Coy* v. *Iowa*, 487 U.S. 1012 (1988). Even though *McGuire, supra*, was decided before *Coy*, our statute has no such flaw.

The statute, Ark. Code Ann. § 16-44-203 (1987 and Supp. 1989), requires face-to-face confrontation between the victim, the prosecuting attorney, and the defendant and his attorney and is taken before the judge in chambers. It provides for the cross-examination of the alleged victim in the same manner as permitted at trial. Ark. Code Ann. § 16-44-203(b) (1987). We have consistently held there is a presumption that counsel is competent and the burden is on the appellant to show more than mere improvident strategy or tactics. *White* v. *State, supra*. The decision whether to respond to a motion falls under the ambit of trial counsel's strategy and tactics, which is not a basis for reversal. *Hicks* v. *State*, 289 Ark. 83, 709 S.W.2d 87 (1986).

Finally appellants allege they would not have pled guilty but for counsel's promise to procure a hardship parole in order for them to be released early to care for their three minor children, whereas, since they were charged with a Class Y Felony, they would not be eligible for release or parole until half of their sentences had been served. Ark. Code Ann. § 16-93-6079(3) (1987). Appellants contend their lawyer's incorrect advice amounted to denial of their constitutional right to effective assistance of counsel.

We have said that mere recitation of such an allegation is not sufficient, there must be a reasonable probability that but for counsel's errors appellants would not have pled guilty. *Garmon v. State*, 290 Ark. 371, 719 S.W.2d 699 (1986). "The primary objective of review of allegations of ineffective assistance of counsel is not to grade counsel's performance, but to determine whether actual prejudice occurred." *Isom v. State*, 284 Ark. 426, 682 S.W.2d 755 (1985).

The appellants have failed to establish that there is a reasonable probability that, but for counsel's alleged advice, they would have insisted on going to trial. They were charged with two counts of rape each, a Class Y Felony. Under Arkansas law the rape charges carried a potential sentence of ten to forty years or life. Ark. Code Ann. § 5-4-501 (1987). Testimony revealed that appellants were aware of this statutory provision prior to their pleas. Appellants' counsel negotiated a plea agreement in which the State, in return for appellants' plea of guilty, agreed to recommend concurrent sentences of eighteen years on each count. Appellants have never alleged that counsel said the hardship parole was a part of the plea negotiations. So, fully aware of the evidence against them, appellants had the option of accepting the eighteen years or exposing themselves to a possible sentence of ten to forty years or even life. We think it improbable that had they known there was no possibility of a hardship release, appellants would have rejected the plea bargain when they faced a possible life sentence.

Also, the record indicates hardship parole was not a factor in appellants' decision at the time they pled guilty. When the judge began the process of accepting the pleas, Gary Cranford said, "Can I say something *when you get through*?" The Court said,

"yes." After the plea was accepted and the sentence imposed, the court asked what he wanted to say. Cranford replied, "Anyway we can get an early parole, because my mother is seventy-years-old?" If parole eligibility was a critical factor in their decision to plead guilty, it seems entirely unlikely appellants would have waited until after the completion of the plea process to raise the issue.

This is not a situation like *Hill* v. *Lockhart*, 894 F.2d 1009 (8th Cir. 1990) (Bowman, J., Gibson, J., Wollman, J., Magill, J., dissenting), where counsel's misadvice reached the level of a constitutional violation. In *Hill*, the Eighth Circuit based its holding on the fact that Hill had explicitly asked counsel about parole and made it clear the timing of eligibility was the dispositive issue for him accepting a plea bargain. The attorney had knowledge of that particular concern and failed to check the applicable law. The Eighth Circuit considered this omission incompatible with the objective standard of reasonable representation, however, it held that in some situations incorrect advice about parole would be merely a collateral matter not significant to justify relief.

In this case, there is no evidence that appellants made this clear to their attorney. Nor is there evidence that appellants' attorney failed to determine the applicable law. We have only an allegation that counsel promised a hardship parole. There was some evidence that appellants knew the minimum time of parole eligibility for a Class Y Felony. Appellants' testimony was unchallenged because counsel was not called to testify at the Rule 37 hearing. Obviously the judge who denied appellants' Rule 37 petition was not convinced of the validity of their claims of the promise of this hardship parole. The trial court is in the best position to resolve any conflicts in testimony. *Snelgrove* v. *State*, 292 Ark. 116, 728 S.W.2d 497 (1987). We stated in *Huff* v. *State*, 289 Ark. 404, 409, 711 S.W.2d 801, 804 (1986), "conflicts in testimony are for the trial judge to resolve, and he is not required to believe any witness' testimony, especially the testimony of the accused since he has the most interest in the outcome of the proceedings . . . We cannot say his findings are against a preponderance of evidence."

The Court below properly denied appellants' petition for

relief pursuant to Rule 37 of Ark. R. Cr. P. because appellants failed to prove that counsel's conduct fell below the standard of reasonably effective assistance or to establish that they were prejudiced as required by *Strickland* v. *Washington, supra.*

Affirmed.

GLAZE, J., concurs.

TOM GLAZE, Justice, concurring. I join this majority, but write to mention that the abstract of record shows the appellants never pled guilty thinking they later would be granted a "hardship parole." First, at the plea hearing, appellant Dixie Cranford inquired of the court whether she would be given early parole because of her seventy-year-old mother and three children. She then clearly acknowledged that "she understood that parole is the prerogative of the *executive* branch of the Arkansas State Government." Second, at the Rule 37 hearing, appellant Gary Cranford testified, "I believed there was a good chance I was going to have to serve nine years of the eighteen-year sentence on the day I entered the plea."

The appellants' own testimony noted above belies their present argument that the trial court pushed the "hardship parole" and "early release" issue when receiving their guilty pleas. The record reflects the appellants knew the court could not assure them of an early parole, nor did they expect one.

The state's proof was strong, and appellants were aware they could get forty years on each count of rape. Appellants' counsel skillfully negotiated appellants an eighteen-year sentence. Thus, even if the record showed counsel had incorrectly assured appellants that they could obtain an early release, it cannot be said, considering the state's compelling evidence and the nature of the crimes, that going to trial would have objectively been the better course of action. *See Tran* v. *Lockhart*, 849 F.2d 1064, 1066-67 (8th Cir. 1988), *cert. denied*, 489 U.S. 1091, 109 S.Ct. 1561, 863 L.Ed.2d 863 (1989).

For the above reasons, as well as those presented in the majority opinion, I affirm.