**Gary CRANFORD, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

**No. 92–1239.**

United States Court of Appeals, Eighth Circuit.

Submitted July 16, 1992.

Decided July 22, 1992.

Before MAGILL, LOKEN, and HANSEN, Circuit Judges.

### PER CURIAM.

Gary Cranford, an Arkansas prisoner, appeals from the dismissal of his 28 U.S.C. § 2254 petition. We affirm.

In January 1987, Cranford and his wife were charged with raping two girls, ages twelve and ten. Pursuant to a plea agreement, the Cranfords each pleaded guilty to two counts of rape. In exchange, the State agreed to recommend that the court impose concurrent sentences of eighteen years on each count. Before accepting their pleas, the trial court ascertained that the Cranfords understood the nature of the charges against them; informed them of the sentencing range (10 to 40 years, or life imprisonment on each count); and explained that by pleading guilty they were giving up their right to a jury trial, which included the right to present evidence, to cross-examine the State's witnesses, and to require the State to prove their guilt beyond a reasonable doubt. The Cranfords stated that they were entering their pleas voluntarily.

However, when the judge asked the Cranfords whether they had committed the acts charged—engaging in deviate sexual activity with two persons under the age of fourteen—the Cranfords said no. Mrs. Cranford explained that they were pleading guilty "[b]ecause if we go by a jury trial . . . we don't know if we would get a lesser charge. We don't know that we could prove that we didn't do it." Mr. Cranford agreed with this explanation. The court asked, "[Y]ou are telling the Court you think it's in your best interest to plead guilty to these charges even though you think you are not guilty rather than take your chances with a jury?" Mrs. Cranford said yes. The court then asked to review the prosecutor's file, noted that much of the evidence had been presented to the court at a bond reduction hearing, found that there was a factual basis for the guilty pleas, and accepted the pleas. The court imposed sentence in accordance with the State's recommendation.

Thereafter, the Cranfords moved for postconviction relief in state court, alleging that counsel was ineffective and that their guilty pleas were involuntary. Following an evidentiary hearing, the state court denied relief. They appealed, arguing that counsel was ineffective for a number of reasons. The Arkansas Supreme Court affirmed, concluding that the Cranfords had failed to establish a reasonable probability that, but for counsel's alleged errors, they would not have pleaded guilty. *See Cranford v. State*, 303 Ark. 393, 797 S.W.2d 442, 444–45 (1990). In rejecting this claim, the Court noted that the record contained

strong evidence of the Cranfords' guilt. *Id.* at 444.

Cranford then commenced this habeas action, alleging that the trial court erred by accepting his guilty pleas despite his claim of innocence; that the court erred by finding that the evidence in the prosecutor's file could establish a factual basis for his pleas; that his pleas were invalid because of trial counsel's ineffectiveness; and that he was denied due process because, at the plea hearing, the trial court failed to comply with *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The magistrate judge[1] rejected these claims. On appeal, Cranford argues that the court erred by rejecting his contention that he was denied due process when the state court accepted his guilty pleas without a sufficient factual basis and despite his denial of guilt. We disagree.

An admission of guilt by the accused is "not a constitutional requisite to the imposition of a criminal penalty." *North Carolina v. Alford,* 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970). A defendant "may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *Id.* No real difference exists between a refusal to admit guilt and "a plea containing a protestation of innocence when ... a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt." *Id.*

Here, the court informed Cranford of the rights he was giving up by pleading guilty, determined that he understood the nature of the charges against him and the potential penalties, and ensured that Cranford was entering his pleas voluntarily. The court found a factual basis for Cranford's pleas after reviewing the prosecutor's file.

*See Paulson v. Black,* 728 F.2d 1164, 1167 (8th Cir.) (Constitution does not require that defendant's statements furnish factual basis for guilty plea), *cert. denied,* 469 U.S. 931, 105 S.Ct. 325, 83 L.Ed.2d 262 (1984). Moreover, the record before the trial court contained strong evidence of Cranford's guilt. *See Cranford,* 797 S.W.2d at 444. Thus, under *Alford,* the court was authorized to accept Cranford's pleas despite his denial of guilt.

Cranford also maintains he is entitled to habeas relief because the state court failed to comply with Arkansas Rule of Criminal Procedure 24.6 at the plea hearing. "An incorrect application of state law, without more, does not establish that a prisoner is being held in violation of the laws or Constitution of the United States, which is a prerequisite for relief under section 2254." *Jones v. Armontrout,* 953 F.2d 404, 405 (8th Cir.1992). A state's failure to abide by its own laws, however, may violate due process if the failure causes a deprivation of liberty. *See Thompson v. Missouri Bd. of Parole,* 929 F.2d 396, 401 n. 10 (8th Cir.1991). Assuming a Rule 24.6 violation occurred, we conclude that Cranford was not denied due process because *Alford* allows a defendant to plead guilty notwithstanding a denial of guilt, and it was Cranford's voluntary act of pleading guilty to the two charges of rape that resulted in his deprivation of liberty.

Accordingly, we affirm.

1. The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas. The parties consented, pursuant to 28 U.S.C. § 636(c), to allow the magistrate to conduct all proceedings including entry of judgment.