

# SUPREME COURT OF ARKANSAS

**No.** CR–13–972

| | |
|---|---|
| SCOTT WAYNE RIDDLE<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** February 26, 2015<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT [NO. 66CR-2012-421]<br><br>HONORABLE STEPHEN TABOR, JUDGE<br><br><u>AFFIRMED</u>. |

**RHONDA K. WOOD, Associate Justice**

Scott Riddle appeals the denial of his petition for postconviction relief under Arkansas Rule of Criminal Procedure 37. Riddle alleges that he received ineffective assistance of counsel because he contends that his attorney misinformed him of the time he would be required to serve before becoming eligible for parole. After conducting a hearing, the circuit court denied Riddle's petition. We find no error and affirm the circuit court's ruling.

## I. *Relevant Facts*

Riddle, then thirty years old, confessed in writing to three instances of intercourse and one instance of oral sex with a thirteen-year-old girl. He accepted a plea agreement in which he pled guilty to a single count of rape. He was sentenced to twenty-five years in prison plus a suspended imposition of sentence of fifteen years. The minimum sentence that Riddle could have received was twenty-five years. Ark. Code. Ann. § 5-14-103(c)(2) (Repl. 2013). Riddle was also required to serve at least seventy percent of this sentence



before he would be eligible for parole. Ark. Code Ann. § 16-93-611(a)(1)(D) (Repl. 2006).

Riddle subsequently filed a petition pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure asserting that he had received ineffective assistance of counsel because his attorney had advised him that he would be eligible for parole in five years and would serve no more than eight years. According to Riddle, had he known that he would be required to serve at least seventy percent of his sentence before becoming parole eligible, he would have refused to plead guilty and would have insisted on going to trial.

The circuit court conducted a hearing on Riddle's petition, in which Riddle testified and presented additional testimony from his father, his mother, his girlfriend, and his cousin-in-law. Each witness testified that Riddle's attorney had told them that Riddle would be eligible for parole sometime between five and eight years after pleading guilty. Riddle's former attorney also testified. He stated that he had told Riddle that the prosecutor was threatening to add another rape charge if Riddle did not accept the plea agreement. He also testified that he had explained the seventy-percent rule to Riddle, and they specifically discussed the fact that Riddle would have to serve seventeen and a half years of his sentence before he would be eligible for parole. The attorney further testified that he had told Riddle and his family that Riddle might be eligible to petition for clemency or commutation in eight years, but that it might be as few as five years. The circuit court denied Riddle's petition, finding that the attorney's testimony was more credible and concluding that Riddle had been correctly advised about his eligibility for parole.



## II. *Standard of Review*

We do not reverse the grant or denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Sales v. State*, 2014 Ark. 384, 441 S.W.3d 883. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

Where a defendant pleads guilty, the only claims cognizable in a proceeding pursuant to Rule 37.1 are those that allege that the plea was not made voluntarily and intelligently or that it was entered without effective assistance of counsel. *Cummings v. State*, 2011 Ark. 410 (per curiam). On review, we assess the effectiveness of counsel under the two-prong standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* Under this standard, the petitioner must show that counsel's performance was deficient. *Id.* Second, the deficient performance must have resulted in prejudice so pronounced as to have deprived the petitioner a fair trial whose outcome cannot be relied on as just. *Wainwright v. State*, 307 Ark. 569, 823 S.W.2d 449 (1992).

We have held that this two-prong test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Cranford v. State*, 303 Ark. 393, 797 S.W.2d 442 (1990). When a guilty plea is challenged, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Id.*

## III. *Analysis*



In the context of cases involving legal advice regarding a defendant's eligibility for parole, we have distinguished between cases in which no advice about parole eligibility is given and those in which positive misrepresentations directly resulted in the defendant's acceptance of the plea bargain. *See Cummings*, *supra*. We have held that there is no constitutional requirement for defense counsel to inform his or her client about parole eligibility, and the failure to impart such information does not fall outside the range of competence demanded of attorneys in criminal cases. *Barber v. State*, 2014 Ark. 179, at 3–4 (per curiam). On the other hand, where an attorney provides incorrect advice "of a solid nature, directly affecting [a defendant's] decision to plead guilty," we have recognized that such positive misrepresentations may amount to ineffective assistance. *Olivarez v. State*, 2012 Ark. 24, at 4 (per curiam) (quoting *Buchheit v. State*, 339 Ark. 481, 6 S.W.3d 109 (1999)).

Riddle and his family testified that they had been told that he would be eligible for parole in as little as five years. Riddle's attorney, however, testified that he informed Riddle he would be required to serve at least seventy percent of the twenty-five-year sentence. The attorney further testified that he advised Riddle and his family that he believed Riddle could petition for clemency or a sentence commutation after five years, not that he would become eligible for parole after five years. This case presents a credibility contest of conflicting testimony regarding whether Riddle even received incorrect advice about his eligibility for parole.

The facts in the present case are similar to those we considered in *Barber*. There, the defendant entered a guilty plea, which carried a sentence of forty years. 2014 Ark.



179, at 1. The defendant later contended that he received ineffective assistance of counsel and alleged that his attorney did not tell him he was required to serve seventy percent of his sentence, but rather that he would be eligible for parole in eight to ten years. *Id*. at 2. During the evidentiary hearing, the attorney testified that she informed the defendant of the charges against him, the possible sentences, and the requirement that he serve seventy percent of the sentence imposed under the negotiated plea. *Id*. at 4–5. The defendant contradicted this testimony, but the circuit court still found the attorney's testimony to be more credible and denied postconviction relief. *Id*. at 5. We held that "it was for the trial court as fact-finder to assess the credibility of the witnesses at the hearing and determine whom to believe." *Id*.

We reached a similar conclusion in *Cranford*, where co-defendants alleged that their attorney promised to secure their release earlier than would have been possible given the crimes to which they pled. 303 Ark. at 398, 797 S.W.2d at 445. Even though the attorney did not testify in opposition to the petitioners, we acknowledged that the circuit court obviously was not convinced of the veracity of their claims that the attorney had promised them early release. *Id*. at 399, 797 S.W.2d at 446. We affirmed the circuit court's denial of their petition, holding that "conflicts in testimony are for the trial judge to resolve, and he is not required to believe any witness'[s] testimony, especially the testimony of the accused since he has the most interest in the outcome of the proceedings." *Id*. (quoting *Huff v. State*, 289 Ark. 404, 711 S.W.2d 801 (1986)).

In this case, the circuit court considered the conflicting testimony and found the attorney's testimony more credible. We do not discount that Riddle presented multiple



witnesses, all of whom uniformly testified that Riddle's attorney mentioned Riddle would be eligible for parole in five to eight years. However, Riddle's cousin admitted that she never actually heard the attorney tell Riddle anything about the plea until after it had already been entered, thus shedding little, if any, light on the advice Riddle relied on in deciding whether to accept the plea. Likewise, Riddle's father said he didn't hear anything about the five-to-eight-year period until after the plea had been accepted; he also admitted that he had hearing problems and had trouble understanding what occurred. Riddle's mother admitted that she didn't hear the entire conversation in which the attorney mentioned the five and eight years, and her testimony was also inconsistent. At one point she said she overheard the five-to-eight-years statement when the attorney was speaking to Riddle's father and Riddle's girlfriend, but she had previously testified that she heard the statement when the attorney was speaking directly to Riddle, while she was standing immediately beside him. Riddle's own testimony was also impeached. He claimed that his attorney never informed him that the prosecutor was threatening to add another rape charge; however, the attorney produced a copy of a letter sent to Riddle, which directly contradicted Riddle's testimony. In addition, the State introduced evidence that his attorney had sent the family the application for commutation and clemency shortly after the plea hearing, which further substantiated the State's case that the five to eight years was in reference to commutation and clemency and not parole eligibility.

We give a high degree of deference to the circuit court in this respect because it is in a far superior position to observe the parties before it and judge the credibility of witnesses. *Posey v. Ark. Dep't of Health & Human Servs.*, 370 Ark. 500, 504, 262 S.W.3d

159, 163 (2007). Accordingly, we cannot conclude that the circuit court clearly erred in determining that Riddle did not receive incorrect advice regarding his eligibility for parole.

Because Riddle was unable to show that counsel's performance was deficient, there is no reason for us to consider the second prong of his ineffective-assistance claim. *Paige v. State*, 2013 Ark. 432, at 4 (per curiam).

Affirmed.

*John Wesley Hall, Jr.*, and *Sarah M. Pourhosseini*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.