Dennis James PAULSON, Appellant,

v.

James BLACK, Warden, Nebraska State Penitentiary, Appellee.

No. 83–1496.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1983.

Decided March 7, 1984.

 

Paul L. Douglas, Atty. Gen., State of Neb., Dale A. Comer, Asst. Atty. Gen., Lincoln, Neb., for appellee.

William M. Berlowitz, Lincoln, Neb., for appellant.

Before BRIGHT, JOHN R. GIBSON and FAGG, Circuit Judges.

FAGG, Circuit Judge.

Dennis James Paulson pleaded guilty to a charge of second-degree murder in a Nebraska state court and was sentenced to a term in the state penitentiary. The district court denied his petition for a federal writ of habeas corpus. On appeal Paulson contends that his guilty plea was invalid because the trial court (1) did not adequately advise him of the aiding and abetting theory upon which the charge rested, (2) failed to make an adequate inquiry of him concerning his involvement in the killing before accepting the plea, and (3) did not provide him an opportunity to withdraw his guilty plea before sentencing him. We affirm.

Paulson was charged with first-degree murder for his part in a shooting death. In testimony at a preliminary hearing another man admitted that he had actually performed the killing but described Paulson's role in causing the death. As a result of a plea bargain the charge against Paulson was reduced to second-degree murder. Accordingly, at the same proceeding in which he was arraigned on the lesser charge, Paulson pleaded guilty to second-degree murder. Paulson abandoned his direct appeal but later sought post-conviction relief. The denial of post-conviction relief was affirmed on appeal. *State v. Paulson,* 211 Neb. 711, 320 N.W.2d 115 (1982).

We first consider whether Paulson was adequately informed by the trial court of the nature of the offense with which he was charged. A state court may not accept a guilty plea unless the defendant enters it voluntarily and with sufficient understanding of the charge and the likely conse-

quences of the plea. *Rouse v. Foster*, 672 F.2d 649, 651 (8th Cir.1982). To support a judgment of guilt a plea must be "voluntary in a constitutional sense." *Henderson v. Morgan*, 426 U.S. 637, 644–45, 96 S.Ct. 2253, 2257, 49 L.Ed.2d 108 (1976). A plea is involuntary if the defendant has such an incomplete understanding of the charge that the plea cannot stand as an intelligent admission of guilt, and thus a plea is not valid in the absence of adequate notice to the defendant of the nature of the charge, or proof that the defendant in fact understood the charge. *Id.* at 645 n. 13, 96 S.Ct. at 2257 n. 13. Based on our review of the record we believe these constitutional requirements were fulfilled.

■ At Paulson's arraignment on the second-degree murder charge a deputy county attorney read the body of the information aloud. In pertinent part the information alleges that Paulson "did then and there intentionally but without premeditation kill James Goslee, in violation of Nebraska Revised Statutes, Section 28–304(1)." Under Nebraska law "[a] person commits murder in the second degree if he causes the death of a person intentionally but without premeditation." Neb.Rev.Stat. § 28–304(1) (1979). The information includes the elements of the offense as defined by the Nebraska statute, and because the information is clear and not complex, the reading of it at the arraignment put Paulson on notice of the nature of the charge against him. *See Wabasha v. Solem*, 694 F.2d 155, 158 (8th Cir.1982). Indeed, immediately after the information was read, the judge asked Paulson specifically whether he understood the nature of the charge against him. Paulson responded that he did.

Paulson contends that his plea is invalid because the trial court did not adequately explain or define criminal liability for aiding and abetting the commission of an offense. Nebraska law provides that "[a] person who aids, abets, procures, or causes another to commit any offense may be prosecuted as if he were the principal offender." Neb.Rev.Stat. § 28–206 (1979). The trial court did not read this section to Paulson, but the following exchange occurred:

> The Court: I'll simply ask you, Mr. Paulson, you recognize the term, do you not, aiding and abetting, I take it?
>
> Mr. Paulson: Yes, I do.
>
> The Court: And through all the pretrial proceedings I'm well aware that the allegations or the evidence indicate that Mr. McGee was the one who did the actual slaying. Is that correct?
>
> Mr. Paulson: Yes, sir.
>
> The Court: But you knew about it and participated in it in [sic] some extent, is that correct?
>
> Mr. Paulson: Yes, I did.

In addition, at Paulson's earlier arraignment for first-degree murder the court had explained that a defendant could be guilty of first-degree murder through aiding and abetting without having actually committed the killing.

■ Paulson argues that the trial court was required more fully to explain aiding and abetting so that he would be able to distinguish between aiding and abetting second-degree murder and being an accessory to a felony, a less serious offense comprising conduct following the commission of a felony. *See* Neb.Rev.Stat. § 28–204 (1979). Paulson maintains that as a consequence of his involvement in the killing he may have been guilty of no more than being an accessory to a felony, and that had the trial court adequately explained aiding and abetting he may have determined that he was indeed not guilty of aiding and abetting second-degree murder, but rather only of being an accessory to a felony. A charge of being an accessory to a felony was not involved in this case, however, and Paulson was not given the option to plead guilty to this lesser charge. Thus it is irrelevant for our purposes whether Paulson might have concluded that he was at most guilty of being an accessory to a felony, provided he sufficiently understood the nature of the second-degree murder charge that was in fact brought against him so that his plea was an intelligent admission of guilt. It was not necessary that Paulson be

convinced that he was truly guilty of second-degree murder. *Cf. North Carolina v. Alford,* 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970) (guilty plea valid even if unwilling or unable to admit participation in acts constituting the crime); *accord White Hawk v. Solem,* 693 F.2d 825, 828–29 (8th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1505, 75 L.Ed.2d 934 (1983).

To be sure, it would have been the better practice for the trial court to have explained the charge more thoroughly, including the aiding and abetting theory, and to have demonstrated more extensively on the record Paulson's understanding. Nevertheless, the record shows that Paulson received notice of the nature and critical elements of the second-degree murder charge, *see Henderson v. Morgan, supra,* 426 U.S. at 647 n. 18, 96 S.Ct. at 2258 n. 18; *Wabasha v. Solem, supra,* 694 F.2d at 158, and he expressed his understanding of the charge. It was made clear to Paulson that the charge against him was based on the part he played in causing the death. There is no support in the record for the proposition that Paulson may have mistakenly believed that the second-degree murder charge was based on conduct by him after the killing which would have subjected him only to liability for being an accessory to a felony. The present case differs from *Nash v. Israel,* 707 F.2d 298 (7th Cir.1983), in which the court held invalid a guilty plea to a charge of being a party to first-degree murder and suggested that the trial court should have explained the elements of aiding and abetting and conspiracy. *Id.* at 303. In *Nash* the trial court failed to explain how an accomplice could possess the intent element critical to first-degree murder even after the defendant explicitly stated that he did not understand the charge. Paulson has shown no similar misunderstanding.

Paulson further argues that since it did not fully explain the nature of the charge against him, the trial court erred by not establishing a factual basis for his guilty plea. He contends that the trial court was required to question him concerning the circumstances surrounding the killing in order to establish that he was guilty of aiding and abetting second-degree murder rather than of being an accessory to a felony. There is no requirement, however, that Paulson's own statements furnish a factual basis for the plea. An express admission of guilt is not a constitutional requirement of a guilty plea. *North Carolina v. Alford, supra,* 400 U.S. at 37, 91 S.Ct. at 167; *Wabasha v. Solem, supra,* 694 F.2d at 157. In any event, the record reveals that the trial court did establish a factual basis for the guilty plea to second-degree murder. The court had available to it the transcript from a preliminary hearing at which Paulson's involvement in the killing was described. In addition, Paulson affirmed that he knew about and participated in the killing.

We also reject Paulson's argument that on its own motion the trial court should have offered him the opportunity to withdraw his guilty plea. Paulson contends that a statement he gave to the probation officer, which was included in the pre-sentence investigation report, was inconsistent with his guilty plea to second-degree murder and that as a consequence the trial court was put on notice that Paulson had not understood the nature of the second-degree murder charge sufficiently to allow him to plead guilty knowingly and understandingly. Specifically, Paulson argues that the trial court, alerted by this statement, should have undertaken a new inquiry into Paulson's understanding of the charge against him and into the factual basis for the plea. Given the strong factual basis for the guilty plea, however, even clear protestations of innocence in the pre-sentence report would not invalidate the otherwise valid plea. *See North Carolina v. Alford, supra,* 400 U.S. at 38, 91 S.Ct. at 167; *White Hawk v. Solem, supra,* 693 F.2d at 828–29. It is significant that Paulson made no effort to withdraw his guilty plea before sentencing. At allocution Paulson offered no reason why the trial court should not impose its sentence. Moreover, Paulson has not furnished us the statement which he contends evidences his misunderstanding

of the charge. Hence we are simply not in a position to say that the trial court should have given him *sua sponte* an opportunity to withdraw a plea that was valid when made and accepted.

After consideration of all arguments raised on appeal we affirm the denial of a writ of habeas corpus.