967 F.2d 586
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lee M. HAYS, Petitioner-Appellant,
v.
STATE OF IDAHO, Respondent-Appellee.
 No. 91-35774.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1992.*
Decided June 15, 1992.
 
 Before EUGENE A. WRIGHT, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lee M. Hays appeals pro se the district court's denial of his petition for writ of habeas corpus. We affirm.
 
 
 3
 I. Hay's Attorney's Alleged Assurance that Hays Would Be Sentenced to no More Than 10 Years In Prison and Would Be Eligible for Parole in 18-22 Months
 
 
 4
 Hays contends that his attorney "informed defendant that he had been in conferance [sic] and ... that defendant would receive a sentence of ten years at most, doing only 18-22 months in prison and then be paroled." Hays argues that his attorney's statement led him to plead guilty, and that its inaccuracy renders his plea involuntary. He also suggests that his attorney's alleged misrepresentation constituted ineffective assistance of counsel.
 
 
 5
 The problem with Hays' argument is that he made a number of statements at the hearing indicating that he understood that there was no agreement as to the length of his sentence. In particular, after his attorney had outlined the plea agreement to the court, the court asked Hays if he had "any different understanding of the arraignment from what [Hays] heard," and he responded in the negative.
 
 
 6
 The Supreme Court stated in Blackledge v. Allison, 431 U.S. 63, 73-74 (1977), that
 
 
 7
 the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.
 
 
 8
 In this case, Hays' post-sentence assertion that his attorney assured him of a lighter sentence does not, without more, overcome the presumption of verity given to his "[s]olemn declarations in open court." As a result, we reject Hays' challenge arising out of his alleged reliance on his attorney's assurances.
 
 
 9
 II. Hays' Contention that the Trial Court Failed to Inform Him that He Was Pleading Guilty to Touching the Victim in Count II
 
 
 10
 Hays contends that he did not understand that he was pleading guilty to touching the victim in Count II, and that, if he had so understood, he would not have pleaded guilty. In support of his contention, Hays notes that the judge failed to mention physical touching when he summarized the charges against him. Hays acknowledges that the clerk read the indictment aloud immediately before the judge summarized the charges, but he suggests that this reading was insufficient.
 
 
 11
 We have not previously ruled on this issue, but the Eighth Circuit addressed a similar § 2254 challenge to the adequacy of the reading of an indictment in Paulson v. Black, 728 F.2d 1164 (8th Cir.), cert. denied, 469 U.S. 931 (1984). In that case, the court held that reading the indictment was sufficient; the court stated that "because the information is clear and not complex, the reading of it at the arraignment put [the defendant] on notice of the nature of the charge against him." Id. at 1166. In the instant case, the indictment was clear and not complex; we conclude, therefore, that the clerk's reading of the indictment put Hays on notice that he was charged with touching the victim in Count II.
 
 
 12
 III. Ineffective Assistance of Counsel Arising out of Hays' Attorney's Alleged Failure to Investigate the Factual Basis for the Charges
 
 
 13
 Hays contends that his attorney's alleged failure to investigate the charges against him and, in particular, his failure to interview Hays' victims constituted ineffective assistance of counsel. Hays can invalidate his guilty plea only if he shows that his attorney's representation was not competent and that he would not have pleaded guilty if his attorney had represented him competently. Hill v. Lockhart, 474 U.S. 52, 57-59 (1985). Hays, however, has not alleged that he would have changed his plea if his attorney had investigated the charges more fully. In light of Hays' failure to allege facts that satisfy the requirements of Hill, we reject this challenge to Hays' conviction and sentence.
 
 IV. Hays' Challenge to Idaho's Jurisdiction
 
 14
 Hays argues that the Idaho courts lacked jurisdiction to prosecute him under Count II because the underlying act occurred in California. The problem with this argument is that Hays pleaded guilty to Count II and did not dispute that the underlying acts occurred in Idaho. The Supreme Court stated in United States v. Broce, 488 U.S. 563, 569 (1989), that "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."
 
 
 15
 In United States v. Mathews, 833 F.2d 161 (9th Cir.1987), we confronted a situation similar to that in this case; a prisoner who had pleaded guilty challenged the subject matter jurisdiction of the federal court on the ground that there was no proof that he transported his victim across state lines. We held that Mathews could not challenge the sentencing court's jurisdiction, as his guilty plea constituted an admission of the facts that gave rise to the court's jurisdiction. Id. at 164. Count II included the assertion that the act occurred in Idaho, and Hays pleaded guilty to Count II. His guilty plea, therefore, constitutes an admission that the crime occurred in Idaho.
 
 
 16
 V. Hays' Contention that his Sentence Is Disproportional to the Severity of the Crime
 
 
 17
 Hays' final claim is that his indeterminate life sentence (under which he would be eligible for parole after ten years in prison) is disproportional to the severity of his crime. In Solem v. Helm, 463 U.S. 277 (1983), the Supreme Court stated that a reviewing court, in determining whether a sentence is unconstitutionally excessive, should examine "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." Id. at 292. The Idaho Court of Appeals considered each of these criteria, as did the magistrate below, and both concluded that the sentence was not unconstitutionally severe. Hays gives us no reason to reject their analyses. Moreover, a brief review of the Solem standards reveals that the sentence is not unconstitutional. With respect to the first prong, Hays pleaded guilty to instructing his eleven-year-old daughter to take off her clothes and pose in the nude. He photographed her breasts and genitals, and he rubbed his penis between her thighs. Clearly, this was a serious offense. His punishment was an indeterminate life sentence, under which he would be eligible for parole after ten years in prison. With respect to the second factor, Idaho statutes authorize a life sentence for first- and second-degree murder, Idaho Code § 18-4004, first-degree kidnapping, § 18-4504, hijacking, § 18-7501, poisoning with intent to kill, § 18-4014, robbery, § 18-6503, rape, § 18-6104, and forcible sexual penetration with a foreign object, § 18-6608. The crimes of rape and forcible sexual penetration are the closest analogues to Hays' crime, and those offenses, like the one that Hays committed, are punishable with sentences as long as life in prison. Finally, regarding the sentences imposed in other jurisdictions, two other states provide for a life sentence, and four additional states provide for sentences of twenty years or longer. See Hays v. State, 747 P.2d 758, 767 (Idaho Ct.App.1987), aff'd 766 P.2d 785 (Idaho 1988). Though the relatively small number of states with similar penalties indicates that Idaho's punishment is more severe than most, it does not, without more, indicate unconstitutional disproportionality.
 
 
 18
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3