**Robert G. SCHONE, Appellant,**

v.

**James PURKETT, Appellee.**

No. 93–1105.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1993.

Decided Feb. 7, 1994.

---

1. The Honorable Lyle C. Strom, Chief Judge for the United States District Court for the District of Nebraska.

Counsel who presented argument on behalf of the appellant was David H. Bailey, St. Peters, MO.

Counsel who presented argument on behalf of the appellee was John William Simon, Jefferson City, MO. Additional attorneys appearing on the brief were Jeremiah Nixon and Millie Aulbur.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.

MAGILL, Circuit Judge.

Robert Schone appeals the district court's [1] denial of his petition for a writ of habeas corpus. Schone argues that his guilty pleas to two counts of sodomy in Missouri state court were unknowing and involuntary because he did not understand the nature of the charges against him and that he was denied effective assistance of counsel because his attorney failed to prepare his case adequately, inform him of the elements of sod-

---

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

omy, and move for a withdrawal of his pleas. We affirm.

## I. BACKGROUND

On April 4, 1988, Schone pleaded guilty to two counts of sodomy in violation of § 566.-060 of the Missouri Revised Statutes in the Circuit Court of St. Charles County, Missouri. The state agreed to dismiss a third count in exchange for Schone's guilty pleas. At the plea hearing, Schone stated that he was satisfied with his attorney's services and explicitly waived his trial rights.

The prosecutor then explained to Schone that a person commits sodomy when he has "deviate sexual intercourse" with a person under the age of fourteen and to whom he is not married. Resp't Ex. B(1) at 9. Schone stated that he had discussed the charges with his attorney and that he understood them and their elements. He confirmed that he knew the range of punishment for the offenses and that no one had made promises or predictions to him as to the sentence he would receive. He also stated that he had decided that morning to plead guilty to the two counts.

In response to the court's questions, Schone admitted that the victim was eleven years old and that he was not married to her. He then stated that he had touched the victim's vagina through her clothing on two occasions in July and August 1987. After a discussion off the record, the court asked Schone if there was any other sexual contact between him and the victim. Schone responded that there was not. The court then asked the prosecution what evidence the state intended to introduce as to the two counts in the event of a trial. The prosecutor described a signed statement Schone had given to police in September 1987 in which Schone admitted that, on two occasions, he had touched the victim's vagina directly and that she had touched his penis. The prosecutor also stated that the victim had essentially corroborated Schone's statement in an interview with a Division of Family Services counselor and that a physician had examined the victim and concluded that she exhibited signs of sexual abuse. ·

After hearing this evidence, the court explained to Schone that touching through clothing, the conduct to which he admitted, might not constitute sodomy and thus that he might not be guilty of the charges. Schone responded that he had not understood that but did understand it now. Next, he hesitated but then confirmed that he was pleading guilty because he felt a jury would convict him.[2] The court accepted Schone's guilty pleas, finding that he had entered them knowingly ·and voluntarily. In June 1988,

---

2. The relevant exchange between the trial judge and Schone occurred as follows:

THE COURT: You understand, from what you're saying to me today concerning the acts what [sic] occurred that you may not be guilty of the offenses that are now charged against you under Counts I and II. Do you understand that since you alleged that they occurred through clothing—do you understand that you may not be guilty of these offenses?
[Schone:] I didn't understand that.
THE COURT: Do you understand that now?
[Schone:] Yes, sir.
THE COURT: You heard the· evidence that the State would intend to introduce in a trial of these two offences [sic]?
[Schone:] Yes, sir.
THE COURT: Is it your belief that based on the evidence you would be convicted of these offenses?
[Schone:] I really don't know, your Honor.
THE COURT: You don't have a belief one way or the other?
[Schone:] Whether I would or would not be convicted?

THE COURT: Yes, sir.
[Schone:] I guess I could say that I feel I would be convicted for that if—
THE COURT: Is that the reason you want the Court ·to accept your plea of guilty even though you're saying that technically you're not guilty of these offenses?
[Schone:] Yes.
THE COURT: You understand what I mean by technically, because you're saying it occurred through some clothing and under the law for you to have touched had to have occurred, for these offenses, without any clothing?
[Schone:] Yes, sir.
THE COURT: You understand that?
[Schone:] Yes.
THE COURT: It's your belief that you would be convicted and that's the reason you want the Court to accept your plea of guilty?
[Schone:] Right. ·
Resp't Ex. B(1) at 19–20.

the court sentenced Schone to consecutive terms of five and ten years in prison.

After exhausting his state remedies, Schone filed the instant petition for a writ of habeas corpus. The magistrate judge[3] recommended denying Schone's petition on the ground that his guilty pleas were knowing and voluntary. The district court adopted the magistrate judge's report and recommendation and denied Schone's petition. Schone timely appeals.

## II. DISCUSSION

Our first task is determining the precise grounds of Schone's challenge to his guilty pleas. The magistrate judge concluded that Schone had procedurally defaulted all but one of his claims: that he entered his guilty pleas unknowingly and involuntarily. In his brief, Schone argues that his pleas were unknowing and involuntary and that he was denied effective assistance of counsel in entering his pleas. We will construe Schone's claims as two challenges to his pleas, one based on the allegation that he did not enter the pleas knowingly and voluntarily and one based on the allegation that he entered the pleas without the effective assistance of counsel. *See Tran v. Lockhart,* 849 F.2d 1064, 1066 (8th Cir.1988), *cert. denied,* 489 U.S. 1091, 109 S.Ct. 1561, 103 L.Ed.2d 863 (1989). We consider these claims in turn.

### A. Validity of Guilty Pleas

■ Schone first claims that he did not enter his guilty pleas knowingly and voluntarily because the conduct to which he admitted did not constitute sodomy under Missouri law. To the extent Schone argues that the trial court erred by failing to establish a factual basis for his guilty pleas, we reject this claim. In Missouri, "[a] person commits the crime of sodomy if he has deviate sexual intercourse with another person to whom he is not married who is less than fourteen years old." Mo.Rev.Stat. § 566.060.3 (1986). "Deviate sexual intercourse" is "any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another

person." *Id.* § 566.010(1). At the plea hearing, Schone testified that he was not married to the victim and that she was eleven years old and admitted to touching the victim's vagina through her clothing. He argues that this conduct constituted sexual abuse in the first degree under Missouri law, which is a less serious crime than sodomy.

■ It is well established, however, that a defendant's own statements need not furnish the factual basis for the plea. *Paulson v. Black,* 728 F.2d 1164, 1167 (8th Cir.), *cert. denied,* 469 U.S. 931, 105 S.Ct. 325, 83 L.Ed.2d 262 (1984). Indeed, "[a]n express admission of guilt is not a constitutional requirement of a guilty plea." *Id* (citing *North Carolina v. Alford,* 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970)). Rather, there need only be "sufficient evidence at the time of the plea upon which a court may reasonably determine that the defendant likely committed the offense." *Gregory v. Solem,* 774 F.2d 309, 312 (8th Cir.1985), *cert. denied,* 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 730 (1986). Here, we believe that there was ample evidence before the trial judge to support the conclusion that Schone had committed two sodomy offenses. First, Schone's statement to the police detailed how he had touched the victim's vagina directly and she had touched his penis on two occasions. Moreover, the victim's own statement to a counselor corroborated that Schone had touched her vagina directly. In light of this evidence, we reject Schone's argument that his admission to conduct only constituting sexual abuse in the first degree renders his guilty pleas to sodomy unconstitutional.

■ Schone also argues that his pleas were unknowing and involuntary because his admission to facts constituting sexual abuse in the first degree and his later statements at the plea hearing show that he did not understand the elements of sodomy. "The test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"

---

**3.** The Honorable Catherine D. Perry, United States Magistrate Judge for the Eastern District of Missouri.

*Porter v. Lockhart,* 925 F.2d 1107, 1110 (8th Cir.) (quoting *Alford,* 400 U.S. at 31, 91 S.Ct. at 164), *cert. denied,* —— U.S. ——, 111 S.Ct. 2902, 115 L.Ed.2d 1066 (1991). "A state court may not accept a guilty plea unless the defendant enters it voluntarily and with sufficient understanding of the charge and the likely consequences of the plea." *Paulson,* 728 F.2d at 1165–66. "A true understanding [of the charge] requires a knowledge of 'the law in relation to the facts' of the case." *Harvey v. United States,* 850 F.2d 388, 396 (8th Cir.1988) (citations omitted).

We hold that "the record shows that [Schone] received notice of the nature and critical elements" of the sodomy charges and "he expressed his understanding of the charge[s]." *Paulson,* 728 F.2d at 1167. After Schone testified and the prosecution described the evidence that it intended to introduce at trial, the trial judge recognized that Schone possibly misunderstood the charges, explained to him what was required for a sodomy conviction, and confirmed twice that Schone understood. *See supra* note 2. Unlike *Nash v. Israel,* 707 F.2d 298, 302–03 (7th Cir.1983), where the trial judge failed to explain the charges after the defendant expressed confusion, Schone's judge diligently "fulfilled his duty to establish on the record that [Schone] understood the elements of the charge[s]." *Id.* at 301.

Schone argues that "[t]he witness chair is not the place to make an informed, intelligent and voluntary decision to waive constitutional rights." Br. of Appellant at 10. We agree that there may be cases where a guilty plea is invalid because the defendant made a rushed decision based on an incomplete understanding as to the nature of the charges. This is not such a case, however, because the court accepted the pleas only after ensuring that Schone understood that his conduct might not have constituted sodomy. *See supra* note 2. The record reveals that Schone expressly waived his constitutional trial rights, that there was a sufficient factual

basis for his pleas, and that he understood the potential penalties [4] to which he could be subjected and the consequences of his pleas. We are satisfied that, under the totality of the circumstances, Schone entered his guilty pleas to two counts of sodomy knowingly and voluntarily. Thus, Schone's argument that the trial court sua sponte should have given him an opportunity to withdraw his pleas is without merit.

### B. Ineffective Assistance of Counsel

Schone next argues that his pleas are invalid because he was denied effective assistance of counsel. He asserts that his attorney was ineffective because she conducted an inadequate investigation of the case, failed to advise him of the elements of sodomy, and failed to move for a withdrawal of the pleas. In *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985), the Supreme Court held that the two-pronged test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies to challenges to guilty pleas on grounds of ineffective assistance of counsel. To prevail, a habeas petitioner must show that his counsel's performance " 'fell below an objective standard of reasonableness,' " and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 57, 59, 106 S.Ct. at 369, 370 (quoting *Strickland,* 466 U.S. at 687–88, 104 S.Ct. at 2064–65).

Schone first claims that he received ineffective assistance of counsel because his attorney failed adequately to investigate the "facts and evidence" of the case. Br. of Appellant at 1. The state post-conviction hearing developed some of the facts relating to Schone's attorney's preparation. We need not discuss these facts, however, because we believe that Schone has failed to show that he was prejudiced by his counsel's alleged failure to investigate. Schone points to no new evidence or legal arguments that more

4. Schone claims that his testimony at a state court hearing for post-conviction relief shows that he pleaded guilty in part because his attorney had promised he would only receive probation. The state court that heard Schone's post-conviction testimony, however, found that it was

entitled to no credence and credited his testimony at the plea hearing. At the plea hearing, Schone testified that no one had made any promises or predictions to him as to his sentence and that he realized he could receive the maximum sentence on each count.

searching investigation and research would have revealed, much less evidence or arguments that would have affected his decision to plead guilty. *See Tran,* 849 F.2d at 1067 (holding that petitioner failed to "provide the type of information which would allow an intelligent assessment of the likelihood that [he] would not have plead[ed] guilty"). Moreover, the record does not reveal what evidence the state had against Schone as to the dismissed sodomy count. He has failed to point out any evidence or defenses that diligent preparation of his case would have revealed as to this count. *See Hill,* 474 U.S. at 59, 106 S.Ct. at 370. Thus, Schone cannot show that there is a reasonable probability that he would have decided to go to trial had his counsel conducted even the most thorough investigation of the case. *See id.*

■ Schone makes the similar argument that his counsel was ineffective for allowing him "to plead to a more serious offense when evidence existed that [he] was guilty of a lesser offense." Br. of Appellant at 5. He apparently argues that his testimony at the plea hearing showed he was only guilty of sexual abuse in the first degree and that his counsel thus should have advised him to go to trial. We disagree. The state had strong evidence of Schone's guilt on two sodomy counts and, as we suggest above, he does not even argue that he had a chance of being acquitted at trial on the third count. Under these circumstances, his counsel's advice was reasonable even though there was some evidence that he did not commit sodomy.

■ Next, Schone claims that his attorney failed to inform him of the elements of sodomy. It is unclear from the state post-conviction proceedings whether the state habeas courts addressed this issue. Even assuming that Schone's counsel did not inform him of the elements of sodomy, however, he has failed to show that this alleged defect in her performance prejudiced him because the trial court informed Schone twice of the critical elements of sodomy. As discussed above, Schone stated that he understood that touching through clothing might not constitute sodomy and yet proceeded to plead guilty anyway. In light of Schone's explicit acknowledgement that he understood the charges, we do not believe that there is a reasonable probability that Schone would have risked conviction on three counts of sodomy if his counsel had supplied him with the very same information that the trial court gave him. *See Hill,* 474 U.S. at 59, 106 S.Ct. at 370. Finally, Schone claims that his counsel should have moved to withdraw his guilty pleas because Schone did not understand the charges or the rights he was waiving. Given our conclusion that he entered his guilty pleas knowingly and voluntarily, however, this claim is, "*a fortiori,* without merit." *Webb v. Black,* 826 F.2d 769, 770 (8th Cir. 1987).

## III.  CONCLUSION

For the foregoing reasons, we affirm the district court's decision denying Schone's petition for a writ of habeas corpus.