26 F.3d 127
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Paul W. STUART, Appellant.
 No. 93-2750.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 26, 1994.
Filed: June 1, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Paul W. Stuart appeals his conviction and 37-month sentence imposed by the District Court[1] after he pleaded guilty to knowingly receiving and possessing an unregistered firearm in violation of 26 U.S.C. Secs. 5861(d), 5871 (1988). We affirm.
 
 
 2
 At the change-of-plea hearing, Stuart admitted possessing the firearm described in the charge. He stated that he purchased the firearm at a Wal-Mart store, that his brother-in-law sawed off the barrel, and that he knew at the time he possessed it that the barrel had been sawed off and that it was illegal to possess such an unregistered firearm. The government stated what it was prepared to prove at trial. The District Court accepted Stuart's guilty plea.
 
 
 3
 At sentencing, the District Court rejected the probation officer's recommendation to depart downward under United States Sentencing Commission, Guidelines Manual, Sec. 4A1.3, p.s. (Nov. 1993). The Court stated that it could find no basis for such a departure, and sentenced Stuart to 37 months imprisonment, three years supervised release, and a $50 special assessment.
 
 
 4
 On appeal, Stuart argues there was an insufficient factual basis to support the possession charge, that the District Court erred in not granting him credit for time served in state custody, and that the Court, in denying a downward departure, failed to address whether his criminal history category overstated his criminal record.
 
 
 5
 "As long as there is in fact a strong factual basis supporting a guilty plea, it is valid even if the defendant protests his innocence." White Hawk v. Solem, 693 F.2d 825, 829 (8th Cir. 1982), cert. denied, 460 U.S. 1054 (1983). There is no requirement that Stuart's own statements must furnish the factual basis for the plea. See Paulson v. Black, 728 F.2d 1164, 1167 (8th Cir.), cert. denied, 469 U.S. 931 (1984). Upon our review of the record, we conclude the District Court sufficiently complied with the requirements of Federal Rule of Criminal Procedure 11(f).
 
 
 6
 We may not review the District Court's refusal to depart downward under USSG Sec. 4A1.3 unless the District Court was unaware of its authority to depart. United States v. Hall, 7 F.3d 1394, 1396 (8th Cir. 1993). Because the sentencing record shows the District Court was aware of its departure authority here, we lack jurisdiction to review Stuart's claim. Additionally, the District Court was without jurisdiction to order credit for time served in state custody. See United States v. Wilson, 112 S. Ct. 1351, 1354 (1992). We note that Stuart did not assert a claim for credit under USSG Sec. 5G1.3(b) in the District Court or on appeal.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Paul Benson, Senior United States District Judge for the District of North Dakota