_____

No. 96-1546
_____

Douglas Bemis,                     *
                                   *
          Appellant,               *
                                   *  Appeal from the United States
     v.                            *  District Court for the
                                   *  Western District of Missouri.
United States of America,          *
                                   *          [UNPUBLISHED]
          Appellee.                *


_____

          Submitted:  September 20, 1996

            Filed:  September 30, 1996
_____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
_____

PER CURIAM.


     Douglas Bemis appeals from the District Court's[1] denial of his 28
U.S.C. § 2255 (1994) motion without an evidentiary hearing.  We affirm as
to most of Bemis's claims, but remand for an evidentiary hearing on Bemis's
claim that his sentencing counsel had a conflict of interest.


     In November 1989, Bemis pleaded guilty to conspiring to distribute
cocaine, in violation of 21 U.S.C. § 846 (1994), and to laundering money,
in violation of 18 U.S.C. §§ 2, 1956(a)(1)(A)(i), (a)(1)(B)(i), and
(a)(1)(B)(ii) (1994).  The District Court[2] sentenced him to two concurrent
terms of 168 months imprisonment.

_____

     [1]The Honorable Russell G. Clark, United States District Judge
for the Western District of Missouri.

     [2]The Honorable William R. Collinson, late a United States
District Judge for the Western District of Missouri.

On direct appeal, we affirmed.  United States v. Bemis, No. 90-1458, slip op. (8th Cir. Sept. 18, 1990) (unpublished per curiam).

In June 1995, Bemis filed the instant section 2255 motion, which the District Court summarily denied.  We will affirm the District Court only if, upon de novo review, we are persuaded that "'the motion and the files and records of the case conclusively show that [Bemis] is entitled to no relief.'"  See Holloway v. United States, 960 F.2d 1348, 1351 (8th Cir. 1992) (quoting 28 U.S.C. § 2255).  We address each of Bemis's claims in turn.

First, Bemis contends that his convictions together with civil forfeitures of his property violated the Double Jeopardy Clause's prohibition against multiple punishments for the same offense.  We conclude, however, that this claim is foreclosed by United States v. Ursery, 116 S. Ct. 2135, 2147-49 (1996), and United States v. One 1970 36.9' Columbia Sailing Boat, 91 F.3d 1053, 1056-57 (8th Cir. 1996).

Second, Bemis argues that his attorney was constitutionally ineffective, because he incorrectly advised Bemis regarding Bemis's likely Guidelines sentence and failed to move to withdraw Bemis's guilty plea after learning that the presentence report recommended a higher Guidelines sentence.  It is unnecessary to reach a decision as to his attorney's competency because we conclude that Bemis failed to establish prejudice. A challenge to a guilty plea on the grounds of ineffective assistance of counsel requires a showing of reasonable probability that, but for counsel's errors, an individual would not have pleaded guilty and instead would have insisted on going to trial.  See Schone v. Purkett, 15 F.3d 785, 789 (8th Cir. 1994).  There was no such showing based on Bemis's contentions because the District Court told Bemis during his plea hearing that the sentencing recommendation in the plea agreement was not binding, that the statutory maximum sentence for his offenses was twenty years, and that the Guidelines would be used to

determine his sentence.  Cf. United States v. Burney, 75 F.3d 442, 444-45 (8th Cir. 1996) (defendant's misunderstanding of application of Guidelines to his sentencing does not constitute a fair and just reason for withdrawing a guilty plea, even where such misunderstanding is based on an erroneous estimation by defense counsel, so long as defendant was told the range of potential punishment and that the Guidelines would be applied to determine his sentence).  Additionally, both the plea agreement and the prosecutor's comments at the plea hearing informed Bemis that his Guidelines sentence could be affected by the results of the presentence investigation.  Cf. United States v. Ludwig, 972 F.2d 948, 950-51 (8th Cir. 1992) (fact that sentence recommended in presentence report substantially exceeded both prosecutor's and defense counsel's calculations of likely sentence at time of plea agreement did not warrant withdrawal of plea where plea agreement was specific in its terms and promised no certain sentencing range).

Third, Bemis contends that his attorney developed a conflict of interest when he accepted illegal drug proceeds as payment for Bemis's legal fees.  The government argues that this claim fails because there is no evidence that Bemis's attorney was ever criminally investigated for accepting the proceeds.  See Cuyler v. Sullivan, 446 U.S. 335, 350 (1980) (to establish ineffective assistance of counsel claim, defendant must show actual conflict of interest that adversely affected his attorney's performance).  However, Bemis offered evidence that an informant gave the government a statement describing how the informant retrieved the drug proceeds for Bemis's attorney and that Bemis's attorney was aware of the informant's statement to the government.  We believe this evidence at least raises the possibility that, as Bemis contends, his attorney encouraged him to plead guilty to avoid government inquiry about the source of the fees, see 21 U.S.C. § 881(a)(6) (1994) (forfeiture of drug proceeds);  United States v. Bowie, 892 F.2d 1494, 1500 (10th Cir. 1990) (counsel's performance

is adversely affected by actual conflict of interest if defendant's interests are inherently in conflict with counsel's personal interests), and we do not believe the affidavit of Bemis's attorney was sufficient to negate this possibility.  Consequently, we remand this claim for an evidentiary hearing.  See Bowie, 892 F.2d at 1500-02 (10th Cir. 1990) (when district court fails to conduct inquiry into possible conflicts, court of appeals should remand for evidentiary hearing if it can discern from the record the possibility of actual conflict with adverse effects).  On remand, the District Court should grant Bemis's request for discovery of his attorney's files.

Bemis also argues that the District Court impermissibly "participated" in plea discussions; that his attorney, the prosecutor, the probation officer, and the District Court "promised" him a seventy-eight-month sentence; that the District Court denied him the opportunity to reply to the government's response; and that the District Court should not have accepted the government's out-of-time response.  These arguments are without merit.

Accordingly, we reverse as to Bemis's claim that his attorney had a conflict of interest, and remand for an evidentiary hearing.  As to Bemis's remaining claims, we affirm the District Court's denial of section 2255 relief.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.