**Jerry EASTER, Appellee,**

v.

**Larry NORRIS, Director of the Arkansas Department of Corrections, Appellant.**

No. 96–2222.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1996.

Decided Nov. 13, 1996.

Rehearing and Suggestion for Rehearing En Banc Denied Jan. 7, 1997.*

* Judge McMillian would grant the suggestion.

Before WOLLMAN, ROSS, and BEAM, Circuit Judges.

WOLLMAN, Circuit Judge.

The State of Arkansas appeals from the district court's order granting Jerry Lynn Easter's 28 U.S.C. § 2254 petition. We reverse.

## I.

Shortly after 9:00 p.m. on August 17, 1989, police in Magnolia, Arkansas, responded to a witness's report that someone was beating on the rear door of the Farm Credit Service building. When the police arrived, Easter was sitting on the floor of a restroom in the building. Easter had barricaded the door to the restroom with mops and brooms, was wearing rubber gloves, and was armed with a pistol.

Easter was arrested and charged with commercial burglary and being a felon in possession of a firearm. He pled guilty to both counts.[1] At the plea hearing, the following plea colloquy occurred:

> THE COURT: Did you read and understand this plea agreement now that you've entered into it? [The agreement provided that the State would recommend a sentence of twenty years' imprisonment on the burglary charge.]
>
> [Easter]: Yes, sir.
>
> THE COURT: Did you sign it voluntarily?
>
> [Easter]: Yes, sir.
>
> . . . .
>
> THE COURT: Do you also understand that you give up all those rights that Judge Chambers told you you have if you enter this plea of guilty?
>
> [Easter]: Yes, sir.
>
> . . . .
>
> THE COURT: Then to the charge that about the 17th day of August, 1989, that you did enter or remain unlawfully in an occupiable structure of another person, being the office of Farm Credit Services with the intent to commit an offense

Kelly K. Hill, Little Rock, AR (Winston Bryant and Olan W. Reeves, on the brief), for appellant.

Howard B. Eisenberg, Milwaukee, WI, for appellee.

---

1. Easter, who has five prior convictions, admitted guilt to the weapons charge and *does not* attack it in this proceeding.

punishable by imprisonment, to that charge, how do you plead, guilty or not guilty?

[Easter]: Guilty.

. . . .

THE COURT: Are you pleading guilty to these charges because you are guilty and for no other reason?

[Easter]: Yes, sir.

THE COURT: Is this plea of guilty of your own free will?

[Easter]: Of my own free will.

THE COURT: Without any threats or abuse by anyone?

[Easter]: Of my own free will.

THE COURT: Have you had any alcohol or drugs today?

[Easter]: No, sir.

THE COURT: Do you understand what you are doing today?

[Easter]: Yes, sir.

THE COURT: Tell me what you did. Tell me something about it.

[Easter]: Well, your honor, as by the breaking in, the burglary part, I was intoxicated. Really I don't know how I got there, but I was guilty of the firearm. I did have it.

The court then accepted Easter's plea and sentenced him, as a habitual offender, to twenty years in prison. Easter's attempt to obtain post-conviction review in state court was rejected as untimely. Easter then filed for federal habeas corpus relief, contending that he had been denied the effective assistance of counsel and that his plea was involuntary because he did not have adequate notice of the charges against him. The district court originally dismissed his suit as procedurally defaulted, but we reversed and remanded. *Easter v. Endell,* 37 F.3d 1343 (8th Cir.1994). An evidentiary hearing was held before a magistrate judge, who found that Easter was adequately informed of the charges against him and that his plea was knowing and voluntary. The district court, finding that Easter's plea was involuntary, rejected the magistrate judge's recommendation [2] and granted the writ.[3]

## II.

Whether a plea is knowing and voluntary is a mixed question of fact and law that is subject to our independent review. *Porter v. Lockhart,* 925 F.2d 1107, 1110 (8th Cir.), *cert. denied,* 501 U.S. 1256, 111 S.Ct. 2902, 115 L.Ed.2d 1066 (1991); *Blalock v. Lockhart,* 898 F.2d 1367, 1370 (8th Cir.1990), *cert. denied,* 507 U.S. 998, 113 S.Ct. 1618, 123 L.Ed.2d 178 (1993). A guilty plea is invalid only if it does not represent a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Weisberg v. Minnesota,* 29 F.3d 1271, 1278 (8th Cir.1994) (citing *Schone v. Purkett,* 15 F.3d 785, 788–89 (8th Cir.1994)), *cert. denied,* —— U.S. ——, 115 S.Ct. 935, 130 L.Ed.2d 880 (1995). A defendant must have knowledge of the law in relation to the facts for the plea to be truly voluntary. *Boykin v. Alabama,* 395 U.S. 238, 243 n. 5, 89 S.Ct. 1709, 1712 n. 5, 23 L.Ed.2d 274 (1969); *Schone,* 15 F.3d at 789. It is sufficient if the defendant is given notice of the charge or if he in fact knows of and understands that charge. *Henderson v. Morgan,* 426 U.S. 637, 645 n. 13, 96 S.Ct. 2253, 2257 n. 13, 49 L.Ed.2d 108 (1976).

We conclude that Easter was given adequate notice of the charges against him.

---

2. The district court adopted the magistrate judge's rejection of Easter's ineffective assistance claim, however, agreeing that although Easter's defense counsel rendered ineffective assistance in failing to inform Easter of the charges against him, Easter would not have proceeded to trial even if adequately informed of the charges, and thus he suffered no prejudice. *See Hill v. Lockhart,* 474 U.S. 52, 59–60, 106 S.Ct. 366, 370–71, 88 L.Ed.2d 203 (1985); *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). Easter does not appeal this ruling.

3. The district court also found that Easter's denial of knowing how he arrived in the Farm Credit Services building amounted to a claim of innocence and transformed his plea into an *Alford* plea. Under *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), a court may accept a guilty plea from a defendant who maintains his innocence, provided the court finds an adequate factual basis for the plea. The district court found that the state trial court failed to establish the required factual basis. We agree with both parties, however, that Easter's statement did not transform his plea into an *Alford* plea.

The state trial court asked Easter how he pleaded to the charge that "you did enter or remain unlawfully in an occupiable structure of another person, being the office of Farm Credit Services with the intent to commit an offense punishable by imprisonment," to which Easter responded, "Guilty." In Arkansas, commercial burglary is committed if the defendant

> enters or remains unlawfully in a commercial occupiable structure of another with the purpose of committing therein any offense punishable by imprisonment.

Ark.Code Ann. § 5–39–201 (1993). The trial court's recitation of the elements of the crime imparted to Easter adequate information concerning the charge to which he pleaded guilty. *Paulson v. Black,* 728 F.2d 1164, 1166 (8th Cir.), *cert. denied,* 469 U.S. 931, 105 S.Ct. 325, 83 L.Ed.2d 262 (1984).

Easter argues that the trial court's description of burglary, based on the Arkansas statutory definition, was so technical that it did not and could not provide adequate notice of the charge. We disagree. The judge used the terms "enter" and "intent," which convey the essential elements of burglary. *See United States v. Nieuwsma,* 779 F.2d 1359, 1362 (8th Cir.1985) (citing *United States v. Gross,* 416 F.2d 1205, 1209 (8th Cir.1969), *cert. denied,* 397 U.S. 1013, 90 S.Ct. 1245, 25 L.Ed.2d 427 (1970)). In addition, the court's description was not so complex as to fail to adequately communicate the elements of the crime to Easter, whose prior convictions undoubtedly gave him a familiarity with legal concepts not possessed by newcomers to the judicial system. *See Paulson,* 728 F.2d at 1166.[4]

We express our appreciation to appointed counsel for his zealous efforts on Easter's behalf.

The judgment is reversed.

---

**4.** Both the magistrate judge and the district court found that defense counsel failed to inform Easter of all of the elements of burglary. Counsel's conduct, however, is only one of the sources from which a defendant may obtain notice. A defendant may receive notice from the indictment, in discussions with the judge, or through any other avenue shown by facts in the record. *See Nieuwsma,* 779 F.2d at 1361.