# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 07-1137

_____

United States of America,

        Appellee,

  v.

Antonio Fabela,

        Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
Western District of Arkansas

[UNPUBLISHED]

_____

Submitted: November 12, 2007
Filed: November 27, 2007

_____

Before MURPHY, HANSEN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Antonio Fabela appeals from the final judgment entered by the district court[1] after he pleaded guilty to controlling a storage unit for the purpose of storing cocaine and methamphetamine, in violation of 21 U.S.C. § 856(a)(2) and 18 U.S.C. § 2. We affirm.

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

Pursuant to a written plea agreement, Fabela agreed to plead guilty to controlling a storage unit for the purpose of storing methamphetamine and cocaine. See § 856(a)(2). In exchange, the government agreed to move to dismiss the four remaining counts for drug conspiracy and drug possession with the intent to distribute. At the subsequent change-of-plea hearing, the district court questioned Fabela and determined that his plea was knowing, voluntary, and supported by an adequate factual basis. In open court, Fabela affirmed that he had, in fact, made the storage unit available for use to others with the knowledge that one or more of these individuals intended to use, or used, the storage unit for the purpose of storing a controlled substance. At no point during the hearing did Fabela indicate that he was innocent or that he desired to maintain his prior plea of not guilty. At the conclusion of the change-of-plea hearing, the district court accepted Fabela's plea and adjudged him guilty of count 5. A Presentence Investigation Report (PSIR) was ordered.

At sentencing, the district court addressed several objections to the PSIR, making two rulings (denial of "safety valve" relief and a mitigating-role reduction) adverse to Fabela. The district court then formally approved the plea agreement,[2] and proceeded to announce an advisory Guidelines range of 108 to 135 months. Significantly, the district court utilized the drug quantity that the parties had agreed to in the plea agreement in making its advisory Guidelines range determination. When the district court offered Fabela a chance to make a statement immediately prior to the imposition of his sentence, Fabela undermined the factual basis for his plea by claiming that the drugs found in the storage unit were not his: "I swear to God that what I'm being blamed for wasn't mine." (Sent. Tr. at 58.)

---

[2]On appeal, Fabela does not challenge the district court's compliance with Fed. R. Crim. P. 11(b)(3) prior to its acceptance of the plea. In effect, Fabela concedes that there was an adequate factual basis for his plea when the district court formally accepted it.

The district court discounted Fabela's comments and announced its intention to sentence Fabela to 114 months' imprisonment. The district court then asked Fabela's counsel whether she had any objections. Counsel consulted with Fabela off the record and reported: "I've recommended to my client that we make no objection to what your intentions are. My client has conceded in that and advised me that that was acceptable to him. So we make no objections to your stated intentions." (Id. at 62.) The district court then imposed a 114-month sentence.

Fabela's primary argument on appeal is that after he expressed his innocence, the district court, on its own motion, was obligated to either advise Fabela that he could make a motion to withdraw his plea or rehabilitate the factual basis for his plea.[3] We respectfully disagree.

Rule 11 requires the district court to independently ensure, and document on the record, that there is an adequate factual basis for a guilty plea *before accepting that plea*. Fed. R. Crim P. 11(b)(3); Santobello v. New York, 404 U.S. 257, 261 (1971). After the district court accepts the plea, the burden is on the defendant to demonstrate "a fair and just reason" for withdrawing the plea. Fed. R. Crim. P. 11(d)(2)(B); U.S. v. Mugan, 441 F.3d 622, 630-31 (8th Cir. 2006). It follows that, in most cases, the defendant must make a motion in order to withdraw his plea after it has been accepted.

We review Fabela's claim that the district court should have sua sponte advised him that he could make a motion to withdraw his already-accepted plea, or should have sua sponte rehabilitated the already-established factual basis for Fabela's plea, for an abuse of discretion. Cf. Mugan, 441 F.3d at 630 (reviewing the district court's denial of a motion to withdraw for an abuse of discretion).

---

[3] Fabela makes no attempt to set aside his plea on direct appeal pursuant to Fed. R. Crim. P. 11(e).

Here, there is no basis for concluding that the district court abused its discretion. Before the district court accepted Fabela's plea, it had already ensured that there was a sufficient factual basis for the plea. Fabela was represented by competent counsel, presumed to know the procedure for withdrawing a plea after it has been accepted. See Strickland v. Washington, 466 U.S. 668, 689 (1984). Yet Fabela made no motion to withdraw his plea. In fact, after Fabela consulted with counsel following his claim of innocence, Fabela's counsel assured the district court that its intended sentence "was acceptable to [Fabela]." (Sent. Tr. at 62.) Implicit in this statement is the representation that Fabela did not wish to withdraw his plea.

Additionally, Fabela's comments were made immediately prior to the actual imposition of his sentence, after the district court had denied two of his objections to the PSIR and after the district court had announced the applicable advisory Guidelines range. It is clear from the record that Fabela's belated claim of innocence was motivated, at least in part, by his unhappiness with the district court's intended sentence, an insufficient basis for withdrawing a plea. See United States v. Stuttley, 103 F.3d 684, 686 (8th Cir. 1996) ("Post-plea regrets by a defendant caused by contemplation of the prison term he faces are not a fair and just reason for a district court to allow a defendant to withdraw a guilty plea, or for this court to reverse the district court."). We also note that our rejection of Fabela's position is consistent with the law of this circuit. See, e.g., Schone v. Purkett, 15 F.3d 785, 789 (8th Cir. 1994) ("Schone's argument that the trial court sua sponte should have given him an opportunity to withdraw his pleas is without merit."); Paulson v. Black, 728 F.2d 1164, 1167 (8th Cir. 1984) ("We also reject Paulson's argument that on its own motion the trial court should have offered him the opportunity to withdraw his guilty plea.").

We also reject out of hand Fabela's pure policy claim that "District Courts should require U.S. Attorneys to reasonably translate indictments and documents into Spanish." (Fabela's Br. at 16.) The record indicates that Fabela was provided with a court-appointed, certified translator for consultation with his counsel, at the change-

-4-

of-plea hearing and at the sentencing hearing. Fabela affirmed that the plea agreement was in fact translated into Spanish, and that after going over the plea agreement with counsel several times, he understood the agreement. Because nothing more is necessary, Fabela's claims are without merit.

The judgment of the district court is affirmed.

_____